NUMBER 13-99-339-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROLAND FUENTEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 214th District Court


of Nueces County, Texas.


___________________________________________________________________


OPINION ON MOTION FOR REHEARING



Before Chief Justice Seerden and Justices Hinojosa and

Kennedy(1)

Opinion by Justice Kennedy




 This court, in a prior opinion, held that it was without jurisdiction
to hear this appeal because the appeal was based upon ineffective
assistance of counsel, which is non-jurisdictional, and that the record
shows no permission by the trial court to appeal. Appellant has now
filed a motion for rehearing in which he encloses a statement by the
trial judge which states that the trial judge granted his permission for
the appellant to exercise his rights of appeal.

 We grant the motion for rehearing, withdraw the opinion
heretofore entered, and substitute this opinion in its place. In so doing,
we dispose of the case without rebriefing or oral argument. 

 Appellant was indicted for aggravated sexual assault of a child. 
He pleaded guilty and was assessed ten years deferred adjudication. 
Subsequently, his deferred adjudication was revoked and he was
sentenced to eight years confinement.

 The single issue in this appeal alleges ineffective assistance of
counsel. Specifically, in his summary of the argument on behalf of this
issue, appellant says:

But for trial counsel's deficient performance before and
during the original proceedings, appellant would have had
the benefit of some of the following:


(i) signed and ordered pretrial motions, (ii) a trial motion for
a continuance, or its functional equivalent, in order to allow
the state an opportunity to clarify its position, at a minimum,
of not having the ability to prosecute its case but for a plea
bargain agreement.


This argument, and all the other arguments in appellant's brief refer to
actions taken, and decisions made by trial counsel prior to, and during,
the original proceeding wherein appellant pleaded guilty and was
granted deferred adjudication.

 A defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding
only in appeals taken when deferred adjudication community
supervision is first imposed. Manuel v. State 994 S.W.2d 658, 661-662
(Tex. Crim. App. 1999). In the case at bar, appellant could have
appealed from the order placing him on deferred adjudication
community supervision, and could have argued at that time ineffective
assistance of counsel.(2) Id. at 662. He may not raise these issues at this
stage of the proceeding. 

 We AFFIRM the judgment of the trial court.

 Noah Kennedy

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 4th day of May, 2000.


1. Retired Justice Noah Kennedy assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't
Code Ann. §74.003 (Vernon 1998).
2. As indicated, this not a direct quote. In Manuel, the court used
the words "that the evidence was insufficient to sustantiate his guilt"
where we use the words "ineffective assistance of counsel."