NUMBER 13-99-495-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ROBERT WILSON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez




 On September 27, 1993, Robert Spencer Wilson pleaded guilty
pursuant to a plea bargain with the State in exchange for ten years
deferred adjudication, a $1000 fine, and restitution of $140. The court
accepted Wilson's plea and agreed to the plea bargain, sentencing him
as set out above, with the exception that no restitution was included in
the judgment.

 The State moved to revoke probation, asserting that Wilson had
violated the conditions of his probation by committing the additional
offense of evading arrest, and by failing to report to his probation officer
on four occasions, failing to pay fines and court costs, and testing
positive for marijuana usage. On June 30, 1999, Wilson pled true to
failing to report to his probation officer on two occasions, failing to pay
fines and court costs, and true to use of a controlled substance. The
court revoked probation, and imposed a fifteen and one half year
sentence and $90 in restitution for court costs. Appellant then filed a
notice of appeal.

 As required by Anders v. California, the appellant's counsel has
certified in the brief she provided that the appellant's appeal is frivolous. 
See Anders v. California, 386 U.S. 738 (1967). Counsel has sent a copy
of both her brief and her motion to withdraw to the appellant. Id. She
has also spoken to him twice and given written notice twice to him
regarding both her brief and her motion to withdraw. Id. 

 The appellant has not provided a pro se brief. No appeal is
possible from any issue coming out of his 1993 deferred adjudication. 
See Manuel v. State, 994 S.W.2d 658. This Court lacks jurisdiction to
consider a direct appeal on any issue that Wilson could raise regarding
the trial court's decision to adjudicate his guilt. Tex. Code Crim. Proc.
Ann. § 5(b) (Vernon Supp. 1999).(1) Our independent review of the trial
court's revocation of the appellant's probation shows no error by the
lower court. Accordingly, appellant's appeal has no merit. 

 We dismiss the appeal for want of jurisdiction and grant
appellant's attorney's motion to withdraw. We also order appellant's
attorney to notify the appellant of the disposition of his appeal and of
his right to pro se discretionary review. 

 

 MELCHOR CHAVEZ

 Justice



Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 4th day of May, 2000.

 

1. This section of the Texas Code of Criminal Procedure provides:


On violation of a condition of probation imposed under
subsection (a) of this section, the defendant may be
arrested and detained as provided in section 24 of this
Article. The defendant is entitled to a hearing limited to
the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge. No appeal
may be taken from this determination. Tex. Code Crim.
Proc. Ann. § 5(b) (Vernon Supp. 1999).