NUMBER 13-99-681-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



RAYMOND SIDNEY LISTER, III , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 337th District Court

of Harris County, Texas.

 ____________________________________________________________________ 



O P I N I O N

Before Chief Justice Seerden and Justices Hinojosa and Kennedy(1)

Opinion by Justice Kennedy

 

 Appellant was charged with sexual assault of a child. He entered a plea of guilty without a plea bargain. The trial
court deferred a finding of guilty and placed appellant on probation for five years.(2) Subsequently, the state filed a
motion to revoke probation, however, this motion was dismissed after appellant "did 90 days jail therapy." A
subsequent motion to revoke was filed based upon appellant's injury to a person by the use of a deadly weapon. 

 At the hearing on the original plea of guilty, written admonishments were made to appellant by the trial court and the
instrument bearing the admonishments was signed by appellant and sworn to before a deputy district clerk. The
written admonishments were also signed by the trial judge and the attorneys for the state and the defendant. However,
as appellant points out in his sole ground of error, beside each paragraph of the written admonishments form there
appears a bracket for the initials of appellant and the opening paragraph of the form contains the words, "the court
admonishes you the defendant as follows and instructs you to place your initials by each item if you fully understand
it." Appellant did not initial the form where indicated. 

 Appellant has no standing at this time to raise the issue of his not initialing each paragraph of his admonishments and
his original plea of guilty. A defendant placed on deferred adjudication community supervision may raise issues
relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first
imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). 

 We also hold that there was no legally mandated reason why appellant was required to initial each paragraph of his
admonishments. The requirement for a proper method of admonishment on a plea of guilty or of nolo contendere is set
out in the code of criminal procedure as follows: 

 The court may make the admonitions required by this article either orally or in writing. If the court makes the
admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he
understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign
the statement, the court shall make the admonitions orally. 



Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989). There is no requirement that the admonishments be
subdivided into sections and that each section be initialed by a defendant. While the practice suggested by the form
used by the trial court in this case is not forbidden, and may, in fact, be commendable, the usage of a particular court or
jurisdiction may not supercede the authority conferred on the legislature to prescribe such requirements. 

 We overrule the single issue raised by this appeal and AFFIRM the trial court's judgment.

Noah Kennedy 

Justice 





Do not publish. 

Tex. R. App. P. 47.3. 

Opinion delivered and filed 

this the 29th day of June, 2000. 

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998). 

2. The judge also assessed a fine of five hundred dollars.