NO. 07-02-0450-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 16, 2003

_____

CHRISTOPHER ANTHONY MORALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 42660-D; HON. DON EMERSON, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant Christopher Anthony Morales appeals from an order adjudicating him guilty of the offense of unauthorized use of a motor vehicle. Pursuant to a plea agreement, appellant pled guilty to the offense on August 15, 2000, and the trial court deferred the adjudication of his guilt and placed him on community supervision for five years. Subsequently, the State filed a motion to proceed with the adjudication of his guilt. Appellant pled true to the alleged violations of the terms of his community supervision,

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

and the trial court continued his community supervision with additional conditions imposed. Later, the State filed another motion to proceed with the adjudication of his guilt. Once again, appellant pled true to the alleged violations on October 1, 2002, and the court adjudicated his guilt and sentenced him to two years in a state jail facility. The trial court granted appellant permission to appeal on January 27, 2003.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that appellant was informed of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by June 11, 2003. To date, appellant has filed no *pro se* response or brief.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed three potential areas for appeal. First, counsel explained that appellant failed to appeal issues related to his original plea of guilt within 30 days of being placed on deferred adjudication and that article 42.12 of the Code of Criminal Procedure provides that no appeal may be taken from a determination to proceed with adjudication of guilt. Further, nothing in the record indicates the judgment is void. Second, counsel points out that a defendant may not raise the issue of the voluntariness of his plea at the time of adjudication, and the record contains prima facie evidence the plea was knowing and voluntary. Finally, the record does not contain any explanation as to trial counsel's actions so as to provide a basis for an ineffective assistance of counsel claim.

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). The record illustrates that no appeal was taken within 30 days from the date of appellant's guilty plea and the order to defer adjudication of his guilt. When the adjudication of an accused's guilt is deferred and the individual is placed on community supervision, complaints involving the original plea proceeding must be raised on appeal immediately after deferred adjudication is imposed. *Nix v. State,* 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Manuel v. State,* 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The only instance in which they may thereafter be raised by direct appeal concerns error rendering the judgment void, *Nix v. State,* 65 S.W.3d at 667-68, of which there is no evidence in the record. Thus, we have no jurisdiction over any purported error arising from or prior to the plea hearing. Further, appellant pled true to the violations of his community supervision, and no appeal may be taken from a determination to proceed with adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 41.12 §5(b) (Vernon Supp. 2003). The punishment assessed was also within the range prescribed by law. TEX. PEN. CODE ANN. §12.35(a) (Vernon 2003).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

3