NO. 07-03-0336-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 10, 2003
_____

EDDIE DEAN RILEY, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3615; HON. WILLIAM D. SMITH, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Eddie Dean Riley, Jr. appeals from a judgment convicting him for unauthorized use of a motor vehicle. Pursuant to a plea agreement, appellant pled guilty to the offense and was sentenced to two years confinement in a state jail facility, which sentence was probated for five years. The State subsequently filed a motion to revoke his probation. It alleged that appellant had 1) failed to report to his probation officer as directed and 2) failed to make his monthly payments. At the hearing, appellant pled true

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

to the allegations contained in the motion to revoke. The trial court found that the allegations were true and revoked appellant's probation. He was sentenced to 15 months imprisonment.

Appellant's counsel has now moved to withdraw, after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he has searched the record and found no arguable grounds for reversal. The motion and brief illustrate that counsel notified appellant of his right to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by December 17, 2003. Appellant filed a response wherein he contends that he had a defense to the offense and that he no longer wished to plead guilty. However, appellant failed to file an appeal within 30 days of his original guilty plea. Because no appeal was taken within 30 days from the date of appellant's guilty plea and order placing him on community supervision, we have no jurisdiction over purported error arising at or before that hearing. *Manuel v. State*, 994 S.W.2d 658, 661 ( Tex. Crim. App. 1999).

In compliance with the principles enunciated in *Anders*, appellate counsel explained why there existed no arguable ground for appeal. For instance, he discussed possible ineffective assistance of counsel based on counsel's failure to raise a defense. However, appellant plead guilty to the offense in open court and signed a confession supporting his plea of guilty. Appellate counsel also explained why appellant's plea of true or "guilty" to the allegations contained in the motion to revoke was sufficient to support the trial court's judgment revoking appellant's probation.

We have also conducted an independent review of the record to determine whether there existed reversible error and found none. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). As previously mentioned, no appeal was taken within 30 days from the date of appellant's guilty plea and order placing him on community supervision; thus, we have no jurisdiction over purported error arising at or before that hearing. *Manuel v. State*, *supra.* Further, the punishment assessed was within the range prescribed by law. TEX. PEN. CODE ANN. §31.07(b) (Vernon 2003) (stating that the offense is a state jail felony); *id.* at 12.35(a) (stating the range of punishment for a state jail felony is not more than two years or less than 180 days).

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.