NO. 07-03-0436-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 19, 2004
_____

RICARDO DWAYNE GOMEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 8,543-B; HON. JOHN B. BOARD, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Ricardo Dwayne Gomez appeals his conviction for driving while intoxicated. Pursuant to a plea bargain, appellant entered a plea of guilty to the charge, and the trial court assessed punishment at five years in prison. However, the sentence was suspended and appellant was placed on three years community supervision. The trial court eventually revoked appellant's probation, upon motion by the State, and sentenced him to five years imprisonment. Appellant timely noticed his appeal, and counsel was

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

appointed.  The latter moved to withdraw after filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she had searched the record and found no arguable grounds for reversal.  The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief.  So too did we inform appellant that any brief he cared to file had to be filed by March 11, 2004.  To date, appellant has filed no *pro se* response or brief.  Nor has he moved for an extension of time to file same.

After conducting an independent review of the record, we find no reversible error. Appellant informed the court via the plea admonishment papers he signed that he was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when entering his plea.  Furthermore, the punishment levied was within the range provided by statute.  And, because no appeal was taken within 30 days from the date of appellant's initial conviction, we have no jurisdiction over purported error arising at or before his original plea hearing.  *Manuel v. State*, 994 S.W.2d 658, 661 ( Tex. Crim. App. 1999).

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.


                                        Brian Quinn
                                        Justice

Do not publish.