COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-205-CR
  
  
MICHAEL 
JEROME GIBSON                                                    APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Appellant Michael Jerome Gibson pled true to one count of 
aggravated sexual assault of a child under fourteen years of age and was placed 
on deferred adjudication community supervision.  Later, the State filed a 
petition to adjudicate Appellant’s guilt.  Again pursuant to a plea 
bargain, Appellant pled true to the allegations in the petition.  He was 
convicted and sentenced to twelve years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice.  Appellant then filed 
a timely notice of appeal.
        In 
one issue, Appellant contends that the indictment was fundamentally defective 
and thereby failed to invoke the jurisdiction of the trial court.  We 
liberally construe this issue as an attempt by Appellant to fall within the 
“void judgment” exception.[2]
        In 
Manuel v. State, the Texas Court of Criminal Appeals held that a 
defendant placed on deferred adjudication community supervision may raise issues 
relating to the original plea proceeding only in an appeal taken when deferred 
adjudication community supervision is first imposed.[3]  
But in Nix v. State, the Court held that a defendant placed on deferred 
adjudication community supervision can raise on appeal from a revocation 
proceeding an error in the original plea hearing if the error would render the 
original judgment void, thereby extending the void judgment exception already 
available to defendants placed on regular community supervision to those placed 
on deferred adjudication community supervision as well.[4]
        A 
judgment of conviction for a crime is void when the document purporting to be an 
indictment does not satisfy the constitutional requisites of an indictment and 
therefore does not vest the trial court with jurisdiction over the defendant.[5]  Only an indictment that fails to allege an offense 
or fails to allege that a person committed the offense will be so defective that 
it cannot vest jurisdiction.[6]
        The 
indictment now before this court provides that Appellant,
 
in the County of Tarrant and State aforesaid, on or about the 3RD day of JULY 
2002, did INTENTIONALLY OR KNOWINGLY CAUSE THE SEXUAL ORGAN OF [COMPLAINANT,] A 
CHILD YOUNGER THAN 14 YEARS OF AGE WHO WAS NOT THE SPOUSE OF SAID DEFENDANT[,] 
TO CONTACT THE MOUTH OF THE SAID DEFENDANT,
 
COUNT 
TWO: AND IT IS FURTHER PRESENTED IN AND TO COURT THAT THE SAID DEFENDANT IN THE 
COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 3RD DAY OF JULY, 2002, DID 
INTENTIONALLY OR KNOWINGLY CAUSE THE MOUTH OF [COMPLAINANT], A CHILD YOUNGER 
THAN 14 YEARS OF AGE WHO WAS NOT THE SPOUSE OF SAID DEFENDANT[,] TO CONTACT THE 
SEXUAL ORGAN OF DEFENDANT.
 
 
This 
indictment sufficiently alleges an offense and a perpetrator so as to vest 
jurisdiction in the trial court.[7]  
Consequently, the “void judgment” exception is not available to Appellant, 
and Appellant’s complaint is untimely.[8]  We 
overrule Appellant’s sole issue and affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
  
  
PANEL 
F:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001).
3.  
Manuel v. State, 994 S.W.2d 658, 662 (Tex. Crim. App. 1999).
4.  
Nix, 65 S.W.3d at 668.
5.  
Id.
6.  
Tex. Const. art. V, § 12(b); Studer 
v. State, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).
7.  
See Tex. Penal Code Ann. § 
22.021 (Vernon 2004-05).
8.  
See Manuel, 994 S.W.2d at 662.