Michael Jerome Gibson v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-205-CR

MICHAEL JEROME GIBSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Michael Jerome Gibson pled true to one count of aggravated sexual assault of a child under fourteen years of age and was placed on deferred adjudication community supervision.  Later, the State filed a petition to adjudicate Appellant’s guilt.  Again pursuant to a plea bargain, Appellant pled true to the allegations in the petition.  He was convicted and sentenced to twelve years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Appellant then filed a timely notice of appeal.

In one issue, Appellant contends that the indictment was fundamentally defective and thereby failed to invoke the jurisdiction of the trial court.  We liberally construe this issue as an attempt by Appellant to fall within the “void judgment” exception.
(footnote: 2)
 In 
Manuel v. State
, the Texas Court of Criminal Appeals held that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed.
(footnote: 3)  But in
 Nix v. State
, the Court held that a defendant placed on deferred adjudication community supervision can raise on appeal from a revocation proceeding an error in the original plea hearing if the error would render the original judgment void, thereby extending the void judgment exception already available to defendants placed on regular community supervision to those placed on deferred adjudication community supervision as well.
(footnote: 4)

A judgment of conviction for a crime is void when the document purporting to be an indictment does not satisfy the constitutional requisites of an indictment and therefore does not vest the trial court with jurisdiction over the defendant.
(footnote: 5)  Only an indictment that fails to allege an offense or fails to allege that a person committed the offense will be so defective that it cannot vest jurisdiction.
(footnote: 6)
 The indictment now before this court provides that Appellant,

in the County of Tarrant and State aforesaid, on or about the 3RD day of JULY 2002, did INTENTIONALLY OR KNOWINGLY CAUSE THE SEXUAL ORGAN OF [COMPLAINANT,] A CHILD YOUNGER THAN 14 YEARS OF AGE WHO WAS NOT THE SPOUSE OF SAID DEFENDANT[,] TO CONTACT THE MOUTH OF THE SAID DEFENDANT,

COUNT TWO: AND IT IS FURTHER PRESENTED IN AND TO COURT THAT THE SAID DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 3RD
 DAY OF JULY, 2002, DID INTENTIONALLY OR KNOWINGLY CAUSE THE MOUTH OF [COMPLAINANT], A CHILD YOUNGER THAN 14 YEARS OF AGE WHO WAS NOT THE SPOUSE OF SAID DEFENDANT[,] TO CONTACT THE SEXUAL ORGAN OF DEFENDANT.

This indictment sufficiently alleges an offense and a perpetrator so as to vest jurisdiction in the trial court.
(footnote: 7)  Consequently, the “void judgment” exception is not available to Appellant, and Appellant’s complaint is untimely.
(footnote: 8)  We overrule Appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Nix v. State
, 
65 S.W.3d 664, 668 (Tex. Crim. App. 2001)
.

3:
Manuel v. State
,
 994 S.W.2d 658, 662 (Tex. Crim. App. 1999).

4:
Nix
, 65 S.W.3d at 668.

5:
Id.

6:
Tex. Const.
 art. V, § 12(b)
; 
Studer v. State
, 799 S.W.2d 263, 272-73 (Tex. Crim. App. 1990).

7:
See
 Tex. Penal Code Ann.
 § 22.021 (Vernon 2004-05).

8:
See Manuel
, 994 S.W.2d at 662.