**Clinton Don MANUEL, Appellant,**

v.

**The STATE of Texas.**

**No. 1477–98.**

Court of Criminal Appeals of Texas.

June 2, 1999.

---

Earl R. Waddell, III, Fort Worth, for appellant.

Steven W. Conder, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MANSFIELD, J., delivered the opinion of the Court, in which McCORMICK, P.J., and KELLER, PRICE, HOLLAND, WOMACK, and KEASLER, JJ., joined.

This case presents the following question: If a defendant pleads guilty to a felony offense, is placed on deferred adjudication community supervision, and is later adjudicated guilty, may he then, on appeal, complain of error in the original plea proceeding?

### The Relevant Facts

On October 2, 1992, a Tarrant County grand jury returned an indictment in the 372nd District Court charging appellant, Clinton Don Manuel, with one count of indecency with a child by contact and one count of aggravated sexual assault of a child. See Tex. Pen.Code §§ 21.11(a)(1) & 22.021(a)(1)(B)(iii). On October 27, 1993, appellant pled guilty, pursuant to a plea bargain, to indecency with a child. After hearing the evidence and finding that it substantiated appellant's guilt, the district court, acting in accordance with the plea bargain, deferred further proceedings without entering a finding of guilt and placed appellant on community supervision (*i.e.*, probation) for three years.[1] The trial

1. Article 42.12, § 5, of the Texas Code of Criminal Procedure provides in relevant part:
   (a) ... [W]hen in the [trial] judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer proceedings without entering an adjudication of guilt, and place the defendant on community supervision.... However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the judge shall proceed to final adjudication as in all other cases.

   (b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained.... The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and the defendant's appeal continue as if the adjudication of guilt had not been deferred....

court noted on its docket sheet that it was not giving appellant permission to appeal.[2]

On September 11, 1996, the State filed a motion to revoke appellant's community supervision and proceed to judgment, alleging that appellant had violated the conditions of his community supervision. On July 7, 1997, the district court held a hearing on the State's motion and, after hearing evidence, found that appellant had indeed violated the conditions of his community supervision as alleged. The district court then adjudged appellant guilty of the original charge and sentenced him to imprisonment for twenty years. Appellant filed a general notice of appeal.

On appeal, appellant argued that his conviction had been obtained in violation of Article 1.15 and Texas Constitution article I, § 19, because the evidence adduced at the original plea proceeding had been insufficient to prove his guilt.[3] The Second Court of Appeals held, however, that it lacked jurisdiction to consider appellant's argument:

> Hereinafter, all references to articles are to those in the Texas Code of Criminal Procedure.

2. Texas Rule of Appellate Procedure 40(b)(1), in effect at the time appellant pled guilty in October 1993 and at the time he appealed in July 1997, provided in relevant part:

> Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial....

Appellant's complaint arises from his conviction and punishment, not the revocation of his community supervision. Therefore, he was required to appeal within 30 days after he was placed on community supervision in September [sic] 1993. *See* Tex.R.App. P. 26.2(a)(1) (where no motion for new trial is filed, defendant must appeal within 30 days after sentence is imposed or suspended); Tex.Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Sup.1998) (defendant's right to appeal conviction and punishment accrues when defendant is placed on community supervision).

Because appellant did not appeal his conviction and sentence until after his community supervision was revoked, his appeal is untimely. Insofar as the appeal relates · to the original cause in which appellant received deferred adjudication community supervision, we dismiss the appeal for want of jurisdiction.

*Manuel v. State*, 981 S.W.2d 65, 67 (Tex. App.—Fort Worth 1998).[4]

See now Tex.R.App. Proc. 25.2. We held in *Watson v. State*, 924 S.W.2d 711, 714 (Tex. Crim.App.1996), that Rule 40(b)(1) applied to appeals from deferred adjudication orders.

3. Article 1.15 provides, in relevant part, that "in no event shall a person charged [with a felony] be convicted upon his plea without sufficient evidence to support the same." Article I, § 19, provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land."

4. Texas Rule of Appellate Procedure · 26.2(a)(1), effective September 1, 1997, provides that, "[if no motion for new trial is filed,] [t]he [defendant's] notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order." (The previous rule, Rule 41(b)(1), was essentially identical.) Article 42.12, § 23(b), provides, in relevant part, that "[t]he right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision."

We granted appellant's petition for discretionary review to determine whether the court of appeals had erred in refusing to address appellant's argument. See Tex. R.App. Proc. 66.3(b). Appellant argues now that "the court of appeals misconstrued both Art. 42.12, § 23(b), and Rule 26.2(a)(1) [because a] grant of deferred adjudication community supervision is not a final conviction for purposes of [those] statutes [sic]." Appellant argues further that he should be allowed to raise the question of evidentiary sufficiency on appeal from the adjudication of guilt, because "[u]ntil and unless a trial court proceeds to adjudication, no violation of Art. 1.15 is possible."

### Analysis

Our deferred adjudication statute, as set out in relevant part in footnote one, *supra*, was first enacted in 1975. See Act of May 7, 1975, 64th Legis., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572. In 1981, we held that the "clear import" of the statute was "to preclude appellate review of an order deferring adjudication." *McDougal v. State*, 610 S.W.2d 509, 509 (Tex.Crim.App.1981). We explained that, under the statute, "[i]f a defendant is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy is to move for final adjudication as provided in Art. 42.12, Sec. [5(a)]. After adjudication of guilt, a defendant's normal appellate remedies are available to him [under Article 42.12, § 5(b)]." *Ibid.* At that time it was also true, under the statute, that a defendant whose deferred adjudication probation was revoked could appeal from that revocation and raise a claim of error arising from the original plea proceeding. *David v. State*, 704 S.W.2d 766, 767 (Tex.Crim.App.1985);

*Wright v. State*, 592 S.W.2d 604, 605 (Tex. Crim.App.1980).

In 1987, Article 44.01(j) was enacted, and it made a significant change in deferred adjudication law.[5] We have determined that the legislative intent in enacting Article 44.01(j) was to permit defendants to appeal from deferred adjudication community supervision to the same extent (*i.e.*, with the same rights and restrictions) as defendants are permitted to appeal from "regular" community supervision. *Feagin v. State*, 967 S.W.2d 417, 419 n. 2 (Tex.Crim.App. 1998); *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Kirby v. State*, 883 S.W.2d 669, 671 n. 3 (Tex.Crim.App. 1994); *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex.Crim.App.1991).

We have long held that a defendant placed on "regular" community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed. *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990); *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim.App.1978); *Patterson v. State*, 487 S.W.2d 736, 737 (Tex.Crim.App.1972); *Pitts v. State*, 442 S.W.2d 389, 390 (Tex. Crim.App.1969); *Gossett v. State*, 162 Tex. Crim. 52, 282 S.W.2d 59, 62 (1955). That is, such issues may not be raised in appeals filed after "regular" community supervision is revoked. Given the legislative intent behind Article 44.01(j), we now hold that this rule also applies in the deferred adjudication context. In other words, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in ap-

---

5. Article 44.01(j) reads in relevant part that "[t]he defendant's right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with Subsection (a), Section 3d, Article 42.12 of this code, as well as any other punishment assessed in compliance with Article 44.02 of this code." See *Dillehey v. State*, 815

S.W.2d 623, 624 n. 1 (Tex.Crim.App.1991) (Article 44.01(j), although literally referring to Article 42.12, § 3d (a), actually refers to Article 42.12, § 5 (a).). Article 44.02 provides in relevant part that "[a] defendant in any criminal action has the right to appeal under the rules hereinafter prescribed...."

peals taken when deferred adjudication community supervision is first imposed. Certainly, it was not the Legislature's intent, in enacting Article 44.01(j), to permit *two* reviews of the legality of a deferred adjudication order, one at the time deferred adjudication community supervision is first imposed and another when, and if, it is later revoked. Compare *Gossett v. State,* 282 S.W.2d at 62.

In the case at bar, appellant could have appealed from the order placing him on deferred adjudication community supervision, and could have argued at that time that the evidence was insufficient to substantiate his guilt. See Article 42.12, § 5(a), footnote one, *supra.* Instead, he waited until after his community supervision had been revoked and his adjudication of guilt formally made. Thus, the court of appeals did not err in refusing to address the merits of his claim.

■ There is a second reason why the court of appeals did not err in refusing to address the merits of appellant's claim. As the record reflects, appellant's general notice of appeal, even assuming it was timely, did not comply with Texas Rule of Appellate Procedure 40(b)(1), because it did not state—indeed, could not truthfully state—that the trial court had given permission for the appeal.[6] See footnote two, *supra,* and accompanying text. Thus, the court of appeals lacked jurisdiction over the appeal. *Davis v. State,* 870 S.W.2d 43, 45–47 (Tex.Crim.App.1994).

We affirm the judgment of the court of appeals.

JOHNSON, J., delivered a dissenting opinion, in which MEYERS, J., joined.

6. Insufficiency of the evidence is, of course, a nonjurisdictional defect occurring after entry of the plea. *Davis v. State,* 870 S.W.2d 43, 45 (Tex.Crim.App.1994).

1. *See, e.g., Watson v. State,* 924 S.W.2d 711 (Tex.Crim.App.1996) (court of appeals erred in reaching merits of non-jurisdictional complaints raised on appeal which was taken without permission of trial judge or benefit of written motion filed before trial); *Lyon v. State,* 872 S.W.2d 732 (Tex.Crim.App.1994)

JOHNSON, J., filed a dissenting opinion, in which MEYERS, J., joined.

I respectfully dissent. We granted appellant's petition for discretionary review to determine whether the Court of Appeals erred in dismissing appellant's appeal without ruling on the merits of each point of error. The Court of Appeals dismissed for want of jurisdiction under TEX.CODE CRIM. PROC. art.42.12, § 23(b) and TEX. R.APP. 26.2(a)(1), as appellant had not appealed within thirty days after being placed on deferred adjudication.

The majority first overrules this ground for review on the same basis as the Court of Appeals; a defendant who is placed on deferred-adjudication community supervision may raise non-jurisdictional issues relating to the original plea proceeding, such as appellant's insufficiency claim, only in appeals taken when the deferred-adjudication community supervision is first imposed. *Ante,* at 661–62. The majority goes on to note that the trial court had, on the docket sheet, expressly refused permission to appeal. *Ante,* at 659–60. Thus, the Court of Appeals could have reached the same result on the alternate ground that appellant's notice of appeal did not comply with TEX.R.APP. P. 40(b)(1). *Ante,* at 659.[1] The Court of Appeals therefore reached the correct result, regardless of the reason.

In these circumstances, we should either dismiss the petition as improvidently granted,[2] or affirm the judgment of the

(defendant must conform to requirements of Rule 40(b)(1)), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). Appellant did not argue that issue in his brief to this Court.

2. *Allen v. State,* 841 S.W.2d 7, 8 (Tex.Crim. App.1992) (decision to dismiss petition as improvidently granted does not constitute endorsement or adoption of reasoning employed by Court of Appeals).

Court of Appeals on a limited basis.[3] Because the majority does neither, I dissent.

---

3.  *See Rodriquez v. State,* 992 S.W.2d 483, 484 (Tex.Crim.App. 1999) ( Court of Appeals affirmed; "Although we disagree with the Court of Appeals' reasoning, we agree with its ultimate holding. . . .").