NUMBER 13-01-186-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 



EDDIE RAYMOND DIGBY, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 



On appeal from the 24th District Court of Jackson County, Texas.

 

 

O P I N I O N

Before Justices Dorsey, Rodriguez, and Baird (1)

Opinion by Justice Baird



Appellant was charged by indictment with the offense of injury to a child. Appellant pled guilty to the charged offense. 
Although sufficient evidence was admitted to establish appellant's guilt, the trial court deferred an adjudication of guilt and
placed appellant on community supervision for a period of ten years. Subsequently, the State filed a Petition for Revocation
and Final Adjudication. The trial court accepted appellant's plea of true to some of the allegations in the petition, revoked
appellant's community supervision and assessed punishment at eight years confinement in the Texas Department of
Criminal Justice--Institutional Division. We will dismiss for want of jurisdiction.

Appellant's sole point of error contends he was incompetent to enter his plea of guilty at the initial proceeding when the
adjudication of guilt was deferred. In Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), the Court of
Criminal Appeals held errors at hearing in which adjudication of a defendant's guilt is deferred must be raised on appeal
following that proceeding and cannot be raised on appeal following adjudication of guilt. Additionally, if a
post-adjudication appeal raises issues relating to the original deferred adjudication proceeding, the appeal is untimely and
must be dismissed for want of jurisdiction unless the issue relates to whether the original judgment deferring appellant's
adjudication is void. Tex. R. App. P. 26.2(a); Nix v. State, No. 793-00, 2001 WL 717453, at *2 (Tex. Crim. App. June 27,
2001); Manuel, 994 S.W.2d at 661-62. Appellant does not argue the initial proceeding was void. And even if he made
such an argument, we would be forced to reject it because appellant concedes there is nothing from the original proceeding
to support the incompetency claim. (2) Under Nix, "for a judgment to be void, the record must leave no question about the
existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the
defect does not in fact exist, then the judgment is not void." Nix, 2001 WL 717453, at *2.

Accordingly, this appeal is dismissed for want of jurisdiction. 

 

CHARLES F. BAIRD

Justice











Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

28th day of March, 2002.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon1998).

2. Indeed, there is evidence to the contrary in the record before us. On the day appellant pled guilty, he and his attorney of
record executed a document entitled "Waiver of Arraignment." The third paragraph of that waiver states: "Defendant and
Defendant's attorney represent to the Court that the Defendant is of sound mind, is mentally competent and thoroughly
understands the nature of the charge pending against Defendant in this cause, and the range of punishment attached to the
charge." Similar representations are made in the "Plea Memorandum."