# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00482-CR

**Cardray Levell Dewitty, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 52,599, HONORABLE BOBBY L. CUMMINGS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Cardray Levell Dewitty pleaded guilty to attempted aggravated sexual assault and was placed on deferred adjudication community supervision. Tex. Pen. Code Ann. '' 15.01 (West 1994), 22.021 (West Supp. 2003). He now appeals from a judgment of conviction rendered after the district court revoked supervision and assessed punishment at ten years= imprisonment. He brings forward three points of error attacking his original guilty plea. We overrule these points and affirm the conviction.

As a general rule, a defendant placed on deferred adjudication supervision must raise errors relating to the original plea proceeding in an appeal taken when supervision is first imposed, rather than raising them for the first time in an appeal following adjudication and sentencing. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). There is a Avoid judgment@ exception to *Manuel. See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). An error or defect at the original guilty plea

proceeding that renders the subsequent judgment of conviction void may be raised for the first time after adjudication and sentencing. *Id*. at 667-68. A judgment is void only in very rare situations. *Id*. at 668.

Appellant=s first point of error is that he was not properly admonished before his guilty plea was accepted. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West 1989 & Supp. 2003). If true, this would not render the judgment of conviction void. Under *Manuel*, this contention is not properly before us and is overruled.

Appellant=s second and third points of error are both premised on his unsupported assertion that the indictment in this cause accused him of sexual assault. Based on this premise, appellant argues in point two that he could not be convicted of attempted aggravated sexual assault as a lesser included offense of sexual assault. *See id*. art. 37.09(4) (West 1981). In point three, he contends the stipulated evidence, which states that he attempted to commit the acts alleged in the indictment, did not support his conviction for attempted aggravated sexual assault. *See id*. art. 1.15 (West Supp. 2003). The State does not urge that these contentions are foreclosed by *Manuel*, and we will address them without deciding that question.

The indictment alleged that both appellant and Andre Dwayne Edmond, acting in concert, intentionally or knowingly penetrated the female sexual organ of the complainant without her consent during the course of the same criminal episode. Contrary to appellant=s assumption, the indictment alleged the offense of aggravated sexual assault. *See* Tex. Pen. Code Ann. ' 22.021(a)(1)(A)(i), (2)(A)(v) (West Supp. 2003). Thus, the district court did not err by accepting a plea of guilty to the lesser included offense of attempted aggravated sexual assault. And the written stipulation, which tracked the indictment except to state

**2**

that appellant and Edmond attempted to penetrate the complainant, supported the guilty plea and established

appellant=s guilt.  Points of error two and three are overruled.

The judgment of conviction is affirmed.


_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   February 21, 2003

Do Not Publish