Affirmed; Memorandum Opinion of October 25, 2005, Withdrawn; and
Substitute Memorandum Opinion filed November 23, 2005









Affirmed; Memorandum Opinion of
October 25, 2005, Withdrawn; and
Substitute Memorandum Opinion filed November 23, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00921-CR

_______________

 

EUGENE J. JACKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No.743,877

___________________________________________________

 

S U B S T I T U T E  
M E M O R A N D U M   O P I N I O
N

 

Our
opinion issued in this case on October 25, 2005, is withdrawn, and the
following substitute opinion is issued in its place.








Eugene
Jackson appeals a conviction for aggravated sexual assault of a child[1]
on the grounds that: (1) he was not properly admonished regarding the
requirement to register as a sex offender; and (2) his right of confrontation
was violated.  We affirm.

Appellant=s first issue argues that he was not
properly admonished regarding the requirement to register as a sex offender.[2]  However, a defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding only in appeals taken when the community supervision is first
imposed.  Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 
An appeal filed after community supervision is revoked is untimely as to
such issues and must be dismissed for want of jurisdiction.  Id. at 660. In this case, because
appellant=s appeal was not filed until after
his community supervision was revoked, it is untimely regarding issues arising
from his original plea proceeding. 
Therefore, appellant=s first issue is dismissed for lack of jurisdiction.

Appellant=s second issue contends that his
confrontation rights were violated when, at some point during the sentencing
phase of his adjudication proceeding, the judge read the contents of a sealed
envelope that had been in the court=s file, returned it to the file, and
may have considered the information in the file in assessing appellant=s punishment.  Appellant asserts that neither he nor the
State was given Athe opportunity to learn or discover those contents.@








However,
appellant does not complain of any ruling by the trial court, but only of an
action by the trial court to which appellant did not object or obtain a
ruling.  See Tex. R. App. P. 33.1(a) (a complaint
may be presented for appellate review only if the record shows a timely,
specific request, objection, or motion and a ruling on it by the trial court).  Conversely,
although appellant raised this complaint in a motion for new trial, he does not
assign error to the trial court=s denial of that motion. 
Nor did appellant develop a record at the motion for new trial hearing
or otherwise showing what was in the envelope or what use was made of it by the
trial court.  Without any basis in the
record to conclude: (1) what the contents of the envelope were; (2) how, if at
all, the information in the file was used by the trial court; (3) whether the
contents of the envelope were such as to be subject to any right of
confrontation; and, if so, (4) whether appellant had had an opportunity during
the proceedings to exercise that right with respect to the information in the
file, his second issue affords no basis for reversal.  Accordingly, it is overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Substitute Memorandum Opinion filed November 23, 2005.

Panel consists of
Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           In
1998, appellant entered a guilty plea and was placed on deferred adjudication
community supervision.  In 2003, the
State filed a motion to adjudicate, appellant entered a plea of true to the
State=s allegations, and appellant was convicted and
sentenced by the trial court to forty years imprisonment.





[2]           There
is no dispute that appellant was not admonished regarding this registration, as
appellant=s plea occurred in 1998 and this admonishment
requirement was not enacted and effective until 1999.  See Act of June 19, 1999, 76th Leg.,
R.S., ch. 1415, ' 1, 1999 Tex. Gen. Laws 4832 (current version at Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2005).