In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00202-CR
______________________________


SONYA DEMETRIC SMITH, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 05-0071X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Sonya Demetric Smith pled guilty to the offense of forgery. See Tex. Pen. Code
Ann. § 32.21(b) (Vernon Supp. 2005). The trial court found Smith guilty and, pursuant to
a plea agreement, assessed her punishment at two years' confinement in a state jail
facility, suspended imposition of sentence, and placed Smith on community supervision
for a period of four years. 
          Eighteen days after the trial court placed Smith on community supervision, the State
filed an application to revoke Smith's community supervision. The application alleged that,
on June 13, 2005 (during Smith's community supervision), she had unlawfully appropriated
lawn and garden equipment valued at more than $50.00 but less than $500.00 from Brent
Sipe. See Tex. Pen. Code Ann. § 31.03(a), (e)(2) (Vernon Supp. 2005). At the hearing
on the State's motion, the trial court found the evidence supporting the State's motion to
be "overwhelming," revoked Smith's community supervision, and imposed the original
sentence. Smith thereafter timely appealed the trial court's judgment. 
          Smith's appellate counsel filed an Anders


 brief in which he professionally discussed
the record, described the issues reviewed, and concluded there were no arguable grounds
for appeal. As required by Anders, counsel also filed a motion to withdraw. Counsel also
sent Smith a copy of the appellate brief and informed her of the right to file a response
pro se and of her right to review the record. This Court informed Smith that her response,
if any, was due by November 17, 2005. As of this date, we have not received such a
response. 
          We have independently reviewed the record and the brief filed by counsel in this
appeal, and we agree there are no arguable issues that would support an appeal in this
case. First, any potential issues related to Smith's original guilty plea (such as
voluntariness or evidentiary sufficiency) would have to have been raised in an appeal from
the original plea. Because Smith did not timely appeal the original guilty plea proceeding,
we cannot now address any potential issues related to that proceeding. See Manuel v.
State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). 
          Second, applying the usual standards of review,


 we conclude the evidence is
factually and legally sufficient to support the trial court's decision to adjudicate. Smith
stipulated at the revocation hearing that she pawned certain items of lawn and garden
equipment. She further stipulated that these same items later were reported as being
stolen from Marshall Independent School District. There was no evidence Smith had
herself appropriated these items from the school. The sole question, then, for the trial
court to determine was whether Smith knew these items were stolen at the time she sold
them to the pawn shop. See Tex. Pen. Code Ann. § 31.03(b)(2) (Vernon Supp. 2005)
(appropriation unlawful if actor obtains possession knowing property was stolen by
another). 
          Brian Sipe, the athletic trainer for Marshall Independent School District, testified
some weed eaters and gas blowers had been taken without permission from the school
in early June 2005. Sipe then reported the theft to law enforcement. Roger Willbanks, an
employee at Cash America Pawn shop, testified Smith pawned two gas trimmers and a
gas leaf blower at his shop. 
          Detective Mark Warden of the Marshall Police Department investigated the theft of
lawn equipment from the school. Warden's investigation led him to conclude the items that
had been pawned by Smith at Cash America Pawn shop were the same items that had
been stolen from the school. During Warden's investigation, he also interviewed Smith
regarding the theft. Smith told him during that interview "that she felt that her sons had
stolen the items." She also expressed to Smith that she believed the items she pawned
were "hot." 
          Fifteen-year-old Lawrence Smith, Sonya's son, also testified. Lawrence told the trial
court he had stolen some lawn and garden equipment from the school and then asked his
mother to pawn the items for him. While Lawrence testified he never told his mother the
items were stolen, the State offered into evidence Lawrence's written juvenile confession



in which Lawrence stated he had admitted to his mother he had stolen the lawn and
garden equipment. 
          Smith testified she took her sons to the pawn shop June 14, 2005, and allowed
them to sell "their" lawn equipment. She denied knowing the items were stolen at the time
she pawned them for her sons. She testified Lawrence did not tell her the items were
stolen until after she had already been arrested for possessing (and selling) the stolen
property. However, Smith's testimony was impeached through her admission to having
been previously convicted of a felony drug offense and a felony theft offense. See Tex.
R. Evid. 609(a).
          The evidence, when viewed in the light most favorable to the State, is legally
sufficient to support the trial court's conclusion that Smith violated her conditions of
community supervision by knowingly selling stolen property. Similarly, the greater weight
of the credible evidence creates a reasonable belief Smith violated a condition of her
community supervision. The trial court, therefore, did not abuse its discretion by revoking
Smith's community supervision.
          We affirm the judgment.
 
                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      December 27, 2005
Date Decided:         December 30, 2005

Do Not Publish