NUMBER
13-05-458-CR

 

                                      COURT OF
APPEALS

 

                            THIRTEENTH DISTRICT
OF TEXAS

 

                              CORPUS CHRISTI -
EDINBURG

 

 

 

CHUKA EMEKA OGELE,              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                              Appellee.

 

 

 

                                On appeal from
the 351st District Court

                                            of Harris County, Texas.

 

 

 

                                 MEMORANDUM
OPINION

 

                          Before Chief
Justice Valdez and Justices Rodriguez and Garza

Memorandum
Opinion by Justice Rodriguez

 








Appellant,
Chuka Emeka Ogele, was charged by indictment with possession with intent to
deliver a controlled substance, namely dihydrocodeinone.[1]  See
Tex. Health & Safety Code Ann. ' 481.114 (Vernon 2003).  Pursuant to a plea bargain agreement,
appellant pled guilty.  The trial court
deferred adjudicating appellant guilty, placed him on probation for six years,
and fined him $1,000.  Subsequently, the
State filed a motion to adjudicate guilt based on appellant's alleged
violations of the terms of his probation. 
Appellant pled not true to the allegations in the State's motion.  Following a hearing, the trial court found
the allegations to be true, adjudicated appellant guilty, and sentenced
appellant to ten years' confinement in the Texas Department of Criminal
Justice-Institutional Division.  The
trial court has certified that this case is not a plea-bargain case, and the
defendant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).  By his sole issue, appellant contends the
indictment is fundamentally defective and failed to confer jurisdiction on the
trial court.[2]  We dismiss the appeal for want of
jurisdiction.

I.  Background

All issues of law
presented by this case are well settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts except as necessary to advise the parties of the Court=s decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.








II.  Indictment

By his
sole issue, appellant contends the indictment was fundamentally defective and
failed to confer jurisdiction on the trial court because it failed to specify
the concentration of the dihydrocodeinone in question.  The State asserts appellant=s contention is actually a challenge to a
substance defect in the indictment.  We
agree.

The
Texas Court of Criminal Appeals has held that a "substance defect is no
longer considered to be one of a 'fundamental' nature, in the sense that
fundamental meant no jurisdiction was conferred, and the conviction on such a
charging instrument would not be reversed for a lack of jurisdiction in the
trial court."  Studer v. State,
799 S.W.2d 263, 271 n.11 (Tex. Crim. App. 1990) (en banc).  Therefore, assuming without deciding that the
indictment contained a substance defect, it did not deprive the trial court of
jurisdiction.  Id.  Thus, rather than raising a jurisdictional
issue on appeal, appellant raises a nonjurisdictional question.

Pursuant
to Manuel v. State, 994 S.W.2d 658 (Tex. Crim. App. 1999), a defendant
who is placed on deferred adjudication probation may raise nonjurisdictional
issues relating to the original plea proceeding only in appeals taken when
deferred adjudication is first imposed.  Id.
at 661.  Here, appellant failed to appeal
the alleged substance defect in the indictment when his deferred adjudication
was first imposed; appellant waited until his community supervision was revoked
to appeal this issue.  Therefore, this
Court is without jurisdiction to consider the appeal.

 








III.  Conclusion

Accordingly, we dismiss
the appeal for want of jurisdiction.

 

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

Memorandum Opinion
delivered and

filed this 15th day of
June, 2006.

 

 

 











[1]The indictment in this
case charged that appellant, "on or about SEPTEMBER 2, 2004, did
then and there unlawfully, knowingly possess with intent to deliver a
controlled substance, namely, DIHYDROCODEINONE, weighing more than 28 grams and
less than 200 grams by aggregate weight, including any adulterants and
dilutants."





[2]We note that appellant has
filed a supplemental letter brief. 
However, to the extent appellant attempts to raise additional
contentions in his supplemental brief, the briefing is inadequate.  See Tex.
R. App. P. 38.1(h) (providing that appellant=s brief must contain a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record). 
Therefore, such contentions are not before us.