Opinion issued September 20, 2007











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00465-CR






JASON DAVID SHEEDY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 966626




 


MEMORANDUM OPINION

 Appellant, Jason David Sheedy, pleaded guilty, without an agreed punishment
recommendation, to an indictment charging aggravated sexual assault of a child. See
Tex. Penal Code Ann. § 22.021(a)(1)(B), (2), (b) (Vernon Supp. 2006). The trial
court deferred adjudication of guilt and placed appellant on community supervision
for 10 years and assessed a $10,000.00 fine.

 The State later filed a motion to adjudicate guilt, alleging that appellant had
violated the terms and conditions of community supervision. Appellant pleaded not
true to the allegations. The trial court found the allegations true, adjudicated
appellant guilty of aggravated sexual assault of a child, and assessed appellant's
punishment at 60 years in prison and a $10,000.00 fine.

 In his sole point of error, appellant contends the trial court erred in not vacating
his conviction and setting aside the deferred-adjudication order because appellant
initially pleaded guilty in an unsworn statement. See Tex. Code Crim. Proc. Ann.
art. 1.15 (Vernon 2005) (requiring State to introduce sufficient evidence showing
defendant's guilt when defendant pleads guilty).

 Appellant may not appeal the trial court's determination to proceed with an
adjudication of guilt on the original charge. See Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon 2006); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim.
App. 1999). Any complaints about the original plea proceeding, including
evidentiary sufficiency, must be raised on appeal when deferred adjudication is first
imposed. Manuel, 994 S.W.2d at 661-62. The Court of Criminal Appeals has
recognized two exceptions: a void judgment and habeas corpus. Nix v. State, 65
S.W.3d 664, 667 (Tex. Crim. App. 2001). In this appeal, appellant claims the
deferred-adjudication order is void because appellant initially pleaded guilty in an
unsworn statement.

 We disagree. In Nix, the Court of Criminal Appeals explained that judgments
are void only in very rare situations: (1) the document purporting to be a charging
instrument, i.e., the indictment, information, or complaint, does not satisfy the
constitutional requisites of a charging instrument; (2) the trial court lacks
subject-matter jurisdiction over the offense charged; (3) the record reflects that there
is no evidence to support the conviction; or (4) an indigent defendant is required to
face criminal trial proceedings without appointed counsel, when such has not been
waived. Nix, 65 S.W.3d at 668.

 The record contains other signed, sworn documents that appellant executed
contemporaneously with the signed, but unsworn guilty plea. Appellant cites no
authority for the proposition that the mere lack of an acknowledgment on a guilty plea
in this situation constitutes no evidence to support the conviction. Without deciding
whether there was error in accepting appellant's signed, unsworn guilty plea, we hold
that the order deferring adjudication of guilt is not void. Accordingly, we have no
jurisdiction to hear appellant's allegation of error in this appeal of the State's motion
to adjudicate.

 We dismiss the appeal for lack of jurisdiction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).