In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-457 CR


 ______________________


 

CODY RAY WALKER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


 Jefferson County, Texas


Trial Cause No. 87934






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, Cody Ray Walker pled guilty to aggravated
sexual assault of a child. The trial court found the evidence sufficient to find Walker guilty
of aggravated sexual assault of a child. The court deferred adjudication of guilt, placed
Walker on community supervision for ten years, and assessed a $1000 fine.

 The State filed a motion to revoke Walker's unadjudicated community supervision. 
Walker pled "true" to the alleged violations of the terms of his community supervision. The
court found that Walker violated the conditions of his community supervision, found Walker
guilty of aggravated sexual assault of a child, and assessed punishment at forty-five years of
confinement in the Texas Department of Criminal Justice, Institutional Division. 

 In a single issue, Walker argues that during the plea hearing, the trial court failed to
give admonishments as to the range of punishment. See Tex. Code Crim. Proc. Ann. art.
26.13 (Vernon Supp. 2006). Alternatively, Walker argues that the trial court erred by finding
that he entered his guilty plea voluntarily, by failing to accept his guilty plea, and by failing
to state that it intended to follow the plea agreement. 

 Article 42.12, section 5(b) of the Texas Code of Criminal Procedure provides that if
a defendant violates a condition of deferred adjudication community supervision, he is
entitled to a hearing limited to the court's determination of whether it proceeds with an
adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b)
(Vernon 2006). After the trial court adjudicates guilt, all proceedings, including the
assessment of punishment, the pronouncement of sentence, the granting of community
supervision, and the defendant's appeal continue as if the adjudication of guilt had not been
deferred. Id. A defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in appeals taken when deferred
adjudication community supervision is first imposed. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). 

 Walker did not timely appeal the trial court's order placing him on deferred
adjudication community supervision. He may not raise issues in this appeal regarding the
sufficiency of the trial court's admonishments during the original plea proceeding, the
voluntariness of his guilty plea, or the trial court's acceptance of his plea and the plea
agreement. See id. We do not have jurisdiction to consider this appeal. Issue one is
overruled. The judgment is affirmed.

 AFFIRMED.

 _________________________________

 DAVID GAULTNEY 

 Justice


Submitted on July 19, 2007 

Opinion Delivered October 10, 2007

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.