In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-523 CR


____________________



ANGELA WEAVER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94228






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Angela Weaver pled guilty to
tampering with a governmental record. See Tex. Pen. Code Ann. § 37.10(a)(2) (Vernon
Supp. 2007). (1) The trial court found the evidence sufficient to find Weaver guilty, but
deferred further proceedings, placed Weaver on community supervision for four years, and
assessed a fine of $500. The State subsequently filed a motion to revoke Weaver's
unadjudicated community supervision. Weaver pled "true" to five violations of the
conditions of her community supervision. The trial court found that Weaver violated the
conditions of her community supervision, found Weaver guilty of tampering with a
governmental record, and assessed punishment at eighteen years of confinement. Weaver
then filed this appeal, in which she raises one issue for our consideration. We affirm.

 In her sole issue on appeal, Weaver asserts that the trial court's written plea
admonishments incorrectly advised her regarding the punishment range, which rendered her
guilty plea involuntary and affected her substantial rights. The trial court's written plea
admonishments advised Weaver that the charge to which she pled guilty was a state jail
felony that carried a punishment range of six months to two years of confinement in a state
jail facility. In Weaver's case, tampering with a governmental record was a second-degree
felony that carried a punishment range of two to twenty years of confinement. See Tex. Pen.
Code Ann. § 37.10(c)(2); see also id. § 12.33(a) (Vernon 2003). 

 Weaver acknowledges in her brief that she did not appeal the trial court's decision
when the trial court placed her on deferred adjudication community supervision. A
defendant placed on deferred adjudication community supervision may raise issues relating
to the original plea proceeding only in an appeal taken when the trial court first imposed
deferred adjudication community supervision. Manuel v. State, 994 S.W.2d 658, 661-62
(Tex. Crim. App. 1999). Weaver's complaint arises from her conviction and punishment,
not the revocation of her community supervision. Therefore, she had to appeal within thirty
days of May 23, 2005, which was the date on which the trial court placed her on community
supervision. See Tex. R. App. P. 26.2(a)(1) (When no motion for new trial is filed, a
defendant must appeal within thirty days after sentence is imposed or suspended.). Weaver
did not timely appeal the trial court's order placing her on deferred adjudication community
supervision; therefore, she may not raise an issue in this appeal regarding the sufficiency of
the trial court's admonishments during the original plea proceeding or the voluntariness of
her guilty plea. See id. Accordingly, we affirm the trial court's judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice

Submitted on April 22, 2008

Opinion Delivered May 7, 2008

Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although the Legislature has amended this section since the date of Weaver's
offense, the amendments do not change the elements of Weaver's offense or the range of
punishment for her crime. Therefore, we cite the current version.