NO









NO. 12-09-00163-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

BRITTINI DAWN TOWNES,

APPELLANT                                                     '     APPEAL
FROM THE 

 

V.                                                                         '     COUNTY
COURT AT LAW NO. 2 OF

 

THE STATE OF TEXAS,                                 '     SMITH COUNTY,
TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Brittini
Dawn Townes appeals from a trial court order accepting her guilty plea to a
misdemeanor theft charge.  In her sole issue, she challenges the voluntariness
of her guilty plea.  We dismiss for want of jurisdiction.

 

Background

On
November 2, 2007, Brittini Dawn Townes was arraigned on the Class B misdemeanor
charge of theft of property valued at $50.00 or more but less than $500.00.  On
the same date, after waiving her right to counsel, she pleaded guilty to that
offense.  The trial court sentenced her to 180 days in jail, probated for
fifteen months, and a $2,000.00 fine, $1,900.00 of which was probated. 
Appellant did not appeal that conviction.  On January 26, 2009, the State filed
its “First Amended Application to Revoke Community Supervision.”  Appellant
filed her “Application for Writ of Habeas Corpus” on February 10, 2009,
challenging the voluntariness of her guilty plea, and in particular, the waiver
of her right to counsel.  On April 14, 2009, the trial court held a hearing on
the State’s and Appellant’s applications.  The trial court denied Appellant’s
application for writ of habeas corpus.  Appellant appealed the denial of her
application for habeas corpus, and we recently affirmed the trial court’s
decision.  See Ex parte Townes, No. 12-09-00162-CR, 2010 WL
827612 (Tex. App.—Tyler March 10, 2010, no pet. h.) (mem. op., not designated
for publication).  She also filed this direct appeal challenging the
voluntariness of her guilty plea in the underlying theft conviction.

 

Jurisdiction

A
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding only in appeals taken when
deferred adjudication community supervision is first imposed.  Manuel v.
State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  This includes
complaints about the voluntariness of a plea of guilty.  Jordan v. State,
54 S.W.3d 783, 785 (Tex. Crim. App. 2001).  Although there may be some
exceptions to the prohibition against attacking the original conviction upon
revocation of deferred adjudication probation, “[a]n ‘involuntary plea’ does
not constitute one of those rare situations.”  Id.  Consequently,
we lack jurisdiction to address Appellant’s sole issue.

 

Disposition

 

The appeal is dismissed
for want of jurisdiction.

 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered March 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)