

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00248-CR
_____

MICHAEL MANDEL CHRISTIAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 23277

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Michael Mandel Christian argues—on appeal from a judgment adjudicating his guilt for aggravated assault and sentencing him to fifteen years' imprisonment—that his trial counsel was ineffective because he recommended that Christian plead guilty in the underlying action from which he was placed on deferred adjudication. Because ineffective assistance of counsel during the original proceeding cannot now be raised on appeal from Christian's adjudication of guilt, we affirm the trial court's judgment.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed. *Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999).[1] Christian's argument is therefore not cognizable in this appeal from the final adjudication of guilt.

Even if it were reviewable, Christian runs headlong into the rigorous requirements of establishing ineffective assistance of counsel. He would be required to prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, Christian would be required to prove that the attorney's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have

---

[1] An exception exists in the case of a void judgment, but there is no suggestion that this exception could apply to this case. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

been different.  *Ex parte Martinez*, 195 S.W.3d 713, 730 (Tex. Crim. App. 2006); *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has failed to rebut the presumption that trial counsel's decision was in some way reasonable.  *See Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).  In this case, there is no record at any level to indicate why counsel chose to take or declined to take any of these actions.

We affirm the judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 4, 2012
Date Decided:       September 7, 2012

Do Not Publish

3