# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00517-CR

**Crystal Nell Horton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
### NO. 2751, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Crystal Nell Horton, appearing *pro se*, pleaded no contest to a charge of arson, a first degree felony. *See* Tex. Penal Code Ann. § 28.02 (West 2011). Horton was granted deferred adjudication, placed on community supervision for ten years, and assessed a $2,500 fine.[1]

---

[1] Prior to sentencing, appellant executed a "Waiver of Right to Counsel," which stated:

> I have been advised on this 6 day of May, 2009, by the 35th District Court of Mills County, Texas of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel.

*See* Tex. Code Crim. Proc. Ann. art. 1.051(g) (West 2005) (prescribing form of written waiver of right to counsel).

No court reporter's record was made of that proceeding, and no appeal was taken from the trial court's order within the time limits prescribed by law.

Approximately eighteen months later, the State moved to adjudicate guilt, alleging that Horton had violated several terms of her community supervision. Horton pleaded true to two violations, and after hearing evidence, the trial court found that she had committed five additional violations. The court sentenced her to twenty years in prison. On appeal, Horton contends for the first time that the original judgment of deferred adjudication is void because she was indigent at the time of her plea, she was not represented by counsel, and her written waiver of the right to counsel was invalid because the trial court failed to inquire about her indigency status and failed to admonish her regarding the dangers and disadvantages of proceeding *pro se*. We will affirm.

The Texas Court of Criminal Appeals has held that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The court has, however, recognized an exception to that limitation in rare circumstances in which the deferred adjudication judgment is void, including when "an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been [properly] waived." *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)). To establish that a judgment is void, the defect must be apparent on the face of the record:

> [F]or a judgment to be void, the record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void,

even though the available portions of the record tend to support the existence of the defect.

*Id.* at 668-69.

In *Nix*, the defendant had alleged that his original plea had been taken in violation of his rights to counsel and a jury trial because the trial court (1) failed to inquire as to whether the defendant had knowingly and intelligently waived his right to counsel, (2) did not admonish him about the dangers of self-representation, and (3) neglected to appoint an attorney when the defendant had not effectively waived counsel. *Id.* at 666-67. The court held, however, that the void-judgment exception did not apply in that case because there was no record of the plea proceeding. *Id.* at 669. The court stated,

[W]e cannot ascertain the truth of appellant's claims on this record without a transcription of the plea proceedings. Although the plea papers show appellant representing himself *pro se*, a transcript of the plea hearing might have shown that appellant voluntarily waived counsel and was informed by the trial court of the dangers of self-representation.

*Id.* (footnotes omitted).

Like the defendant in *Nix*, Horton challenges the validity of her waiver of the right to counsel, but because there is no transcription of the plea proceeding, error is not apparent on the face of the record before this Court. In accordance with *Nix*, we therefore overrule Horton's sole appellate issue. The trial court's judgment is affirmed.

3

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   December 13, 2012

Do Not Publish

4