**Affirmed and Opinion Filed February 6, 2013**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00772-CR
No. 05-11-00773-CR
No. 05-11-00774-CR
No. 05-11-00775-CR
No. 05-11-00776-CR

**DAVID WAYNE HAMILTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F09-40406-S, F09-40407-S, F09-40408-S,
F09-40409-S, and F09-71540-S

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

In June 2010, appellant David Wayne Hamilton pleaded guilty to five offenses: burglary of a habitation, two aggravated assaults with a deadly weapon, evading arrest, and arson of a habitation. The trial court placed appellant on deferred adjudication community supervision. In June 2011, appellant pleaded true to two violations of his community supervision. The trial court adjudicated appellant's guilt in each of the five cases, assessing his punishment at ten years' confinement in the burglary and assault cases, 180 days' confinement in the evading arrest case, and twenty-five years' confinement in the arson case. In ten issues, appellant contends the

evidence was insufficient to support each of the deferred adjudication orders and his right to a public trial was violated in the original plea proceedings. We conclude the dispositive issues before us are clearly settled in law. Accordingly, we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4. We affirm the trial court's judgments.

## BACKGROUND

Appellant's issues are rooted in ambiguities in the timeline under which his guilty pleas were made in June 2010. For example, giving credence to the dates either typed or written on documents, the following events occurred on June 9, 2010: appellant's five Orders of Deferred Adjudication were signed and entered; appellant was placed on community supervision; and the terms of his community supervision in four of the five cases were signed by appellant, the trial court, and a supervising officer of the court. (The supervision terms were signed in the burglary case on June 10, 2010.) Appellant's fingerprints were taken for his judgment on June 16, 2010. Appellant signed judicial confessions in all five cases and swore to them before a deputy district clerk on June 18, 2010. In addition, although the district attorney signed the plea agreements in each case on April 29, 2010, the signatures on the plea agreements of appellant, his attorney, and the trial court are undated. Finally, all of these documents—regardless of date—bear a file stamp of June 18, 2010.

This Court abated the appeals and issued an order requiring the trial court to conduct a hearing to determine the dates on which appellant entered his pleas, made his confessions, and was placed on deferred adjudication community supervision. We also ordered the trial court to determine the possibility of creating a reporter's record of any of appellant's plea proceedings. The trial court made findings on the record that, on June 9, 2010, it had heard sufficient evidence to find appellant guilty, but instead had granted appellant's request and placed him on deferred

adjudication community supervision. The court further found that certain documents were file-stamped at a later date. The trial court's official court reporter filed a document in this Court entitled Status of Reporter's Record, which asserts that "[a]pparently proceedings were had in this Court on June 18, 2010, in which the defendant pled guilty to the Court." However, the court reporter determined there was no reporter's record for those proceedings.

## SUFFICIENCY OF THE EVIDENCE

In his first five issues, appellant contends that—on this ambiguous record—there is no indication the judicial confessions were signed at the time of the deferred adjudication hearing. If the confessions were not before the judge when he signed the deferred adjudication orders, appellant argues, then there was no evidence supporting those orders, and they should be set aside.

The State responds that these issues were waived because appellant did not raise them in an appeal following the deferred adjudication proceeding. The Texas Court of Criminal Appeals has held:

> A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed.

*Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). However, appellant urges that these complaints (and those addressed below) fall within an exception to the *Manuel* rule that applies when the judgment entered in the first proceeding was void. The void-judgment rule does apply in the deferred adjudication context. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). But void judgments are unusual.[1] And, importantly, for a judgment to be

---

[1] The *Nix* court identified the following as a "very nearly" exclusive list of void judgments of conviction for a crime:

void, the record must clearly establish the existence of the fundamental defect. *Id.* Therefore, when a record is incomplete, we will not conclude a judgment is void if the missing portion could show the defect does not in fact exist; this is true even if the record we do have tends to support the existence of the defect. *See id.* at 668–69. In appellant's case, there is no reporter's record of any plea proceedings. Therefore, even if we assume (without deciding) that the judicial confessions fell outside the plea proceedings, we must ask whether a reporter's record could establish that sufficient evidence was offered to support appellant's guilt in each of the five charged cases. Because a court reporter's transcription of appellant's plea proceedings could have established that other evidence—above and beyond the judicial confessions—supported each of the trial court's deferred adjudication orders, those orders are not void. *See id.* at 669 ("For example, when a defendant levels a 'no evidence' challenge against the conviction, but the record contains no court reporter's transcription of the original plea hearing, then the conviction is not void, even though the record—as far as it goes—tends to support the no evidence claim."). We overrule appellant's first five issues.

## RIGHT TO PUBLIC TRIAL

In his sixth through tenth issues, appellant contends the deferred adjudication orders are void because the plea proceedings violated his right to a public trial "[b]y allowing the judicial confession[s] to be signed and sworn in the District Clerk's Office nine days after the deferred adjudication proceedings were held before the trial court." The Sixth Amendment to the United

---

(1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived, in violation of *Gideon v. Wainwright.*

*Nix,* 65 S.W.3d at 668.

States Constitution guarantees an accused the right to a public trial in all criminal prosecutions. U.S. CONST. amend. VI. And a plea proceeding is considered a trial under Texas law. *Murray v. State*, 302 S.W.3d 874, 880 (Tex. (Tex. Crim. App. App. 2009). Violation of the right to a public trial is structural error, which does not require a showing of harm for reversal. *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012). However, the right to a public trial can be waived. *See Levine v. United States*, 362 U.S. 610, 619 (1960). Thus, if appellant cannot establish that his deferred adjudication orders are void on this ground, his complaint will have been waived by his failure to appeal the orders after they were entered. *See Manuel*, 994 S.W.2d at 661–62. Appellant has not cited us to any authority indicating a violation of the right to a public trial would render the deferred adjudication orders void. But even if such a violation could raise the issue of void orders, we could not find them void on the record before us.

Our first step in analyzing whether an appellant's right to a public trial has been violated is to determine whether the trial was, in fact, closed to the public. *Lilly*, 365 S.W.3d at 329. The record before us does not speak to whether any of appellant's plea proceedings were open or closed to the public.

We have already concluded that—in the absence of a reporter's record of any plea proceedings—we must assume the trial court heard evidence other than the judicial confessions that was sufficient to support appellant's pleas. If we had a reporter's record of the plea proceedings, such a record could also have established that the proceedings were open to the public. Therefore, appellant cannot establish the orders are defective, even if the record before us does not establish for certain that the hearing was open to the public. *See Nix*, 65 S.W.3d at 668–69 ("If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void.").

Even if we focus solely on the judicial confessions, as appellant does, we discern no basis for declaring the deferred adjudication orders void. Again, we have no reporter's record identifying where the signing took place. Appellant assumes that because the judicial confessions recite that they were sworn to before a deputy district clerk, the proceeding took place "in the District Clerk's Office." Nothing in the record suggests, let alone establishes, that fact. Each of the five confessions is signed by appellant, his attorney, the district attorney, and the trial court. If the State had been relying upon the judicial confessions as additional evidentiary support for the pleas, the clerk could certainly have been present in open court to attest to appellant's signature. And, once again, a reporter's record could have established that fact.

Because a reporter's record could have established that any of appellant's deferred adjudication proceedings took place in open court, we need not look further to determine whether a public-trial violation could ever result in void orders. We overrule appellant's sixth through tenth issues.

## CONCLUSION

Appellant has failed to allege an error that could render his deferred adjudication orders void. Accordingly, his complaints concerning the deferred adjudication proceedings are not preserved for our review. We affirm the judgments of the trial court.

/DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110772F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID WAYNE HAMILTON, Appellant

No. 05-11-00772-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-40406-S.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of February, 2013.

DAVID LEWIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DAVID WAYNE HAMILTON, Appellant

No. 05-11-00773-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-40407-S.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of February, 2013.

DAVID LEWIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DAVID WAYNE HAMILTON, Appellant

No. 05-11-00774-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F09-40408-S.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of February, 2013.

DAVID LEWIS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DAVID WAYNE HAMILTON, Appellant

No. 05-11-00775-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-40409-S.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 6th day of February, 2013.


_____
DAVID LEWIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID WAYNE HAMILTON, Appellant

No. 05-11-00776-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-71540-S.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of February, 2013.

_____
DAVID LEWIS
JUSTICE