In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-11-00180-CR
_____

CULLEN ASHTON TODD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 10-05-04679-CR

## MEMORANDUM OPINION ON REHEARING

In one of his issues on motion for rehearing, Cullen Ashton Todd contends his guilty plea was involuntary because the trial court stated the improper punishment range in the oral admonishment during the plea hearing. He did not present this argument to this Court in his brief on appeal. Moreover, he did not present this claim to the trial court in his application for writ of habeas corpus. Todd's stated ground for habeas relief was ineffective assistance of counsel due to trial counsel's failure to adequately investigate the value of the property before

1

Todd accepted the plea bargain for a guilty plea to a state jail felony. Accordingly, Todd failed to preserve the oral admonishment issue through his habeas application. *See* Tex. R. App. P. 33.1.

Todd failed to challenge the validity of his guilty plea in a direct appeal when the trial court deferred adjudication of guilt. *See Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991). Todd did eventually dispute the accuracy of the oral admonishment in a motion to withdraw his guilty plea, but he filed the motion during revocation proceedings that occurred after the trial court considered and ruled on Todd's habeas petition. He cannot challenge the validity of his plea in the appeal of the adjudication following revocation of community supervision. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). We overrule appellant's motion for rehearing.

MOTION FOR REHEARING OVERRULED.

_____
STEVE McKEITHEN
Chief Justice

Opinion Delivered May 15, 2013
Do Not Publish
Before McKeithen, C.J., Kreger and Horton, JJ.

2