In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00524-CR


____________________



JERRY WINFORD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 95892






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Jerry Winford pled guilty to indecency
with a child. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). The trial court found
the evidence sufficient to find Winford guilty, but deferred further proceedings, placed
Winford on community supervision for eight years, and assessed a fine of $1000. The State
subsequently filed a motion to revoke Winford's unadjudicated community supervision. 
Winford pled "true" to five violations of the conditions of his community supervision. The
trial court found that Winford violated the conditions of his community supervision, found
Winford guilty of indecency with a child, and assessed punishment at nineteen years of
confinement. Winford then filed this appeal, in which he raises one issue for our
consideration. We affirm.

 In his sole issue on appeal, Winford asserts that the trial court's written plea
admonishments incorrectly advised him regarding the degree of offense of which he was
accused and the applicable punishment range, which rendered his guilty plea involuntary and
affected his substantial rights. The trial court's written plea admonishments incorrectly
advised Winford that the charge to which he pled guilty was a state jail felony that carried
a punishment range of six months to two years of confinement in a state jail facility. 
Indecency with a child is a second-degree felony that carries a punishment range of two to
twenty years of confinement. See Tex. Pen. Code Ann. §§ 12.33, 21.11(a)(1), (d) (Vernon
2003).

 Winford acknowledges in his brief that he did not appeal the trial court's decision
when the trial court placed him on deferred adjudication community supervision. A
defendant placed on deferred adjudication community supervision may raise issues relating
to the original plea proceeding only in an appeal taken when the trial court first imposed
deferred adjudication community supervision. Manuel v. State, 994 S.W.2d 658, 661-62
(Tex. Crim. App. 1999). Winford's complaint arises from his conviction and punishment,
not the revocation of his community supervision. Therefore, he had to appeal within thirty
days of November 27, 2006, which was the date on which the trial court placed him on
community supervision. See Tex. R. App. P. 26.2(a)(1) (When no motion for new trial is
filed, a defendant must appeal within thirty days after sentence is imposed or suspended.). 
Winford did not timely appeal the trial court's order placing him on deferred adjudication
community supervision; therefore, he may not raise an issue in this appeal regarding the
sufficiency of the trial court's admonishments during the original plea proceeding or the
voluntariness of his guilty plea. See id.; Manuel, 994 S.W.2d at 661-62. Accordingly, we
affirm the trial court's judgment.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008

Opinion Delivered January 14, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.