In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00170-CR


____________________



CARLOS CIBRIAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 94916






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Carlos Cibrian pled guilty to felony
nonsupport. The trial court found the evidence sufficient to find Cibrian guilty, but deferred
further proceedings, placed Cibrian on community supervision for five years, assessed a fine
of $500, and ordered him to pay child support arrearages. The State subsequently filed a
motion to revoke Cibrian's unadjudicated community supervision. Cibrian pled "true" to one
violation of the conditions of his community supervision. The trial court found that Cibrian
violated the conditions of his community supervision, found Cibrian guilty of felony
nonsupport, and assessed punishment at two years of confinement in a state jail facility. 
Cibrian then filed this appeal, in which he raises two issues for our consideration.

 In his first issue, Cibrian argues the trial court erred by failing to allow him to
withdraw his plea of guilty after the court assessed a fine, which he contends was not part of
the plea bargain agreement. In his second issue, Cibrian asserts he received ineffective
assistance of counsel because counsel did not object "to the Court's inclusion of a fine as
punishment when such was not part of the plea agreement." We address these issues
together.

 A defendant placed on deferred adjudication community supervision may raise issues
relating to the original plea proceeding only in an appeal taken when the trial court first
imposed deferred adjudication community supervision. Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999). Both of Cibrian's complaints arise from his conviction and
punishment, not the revocation of his community supervision. Therefore, he had to appeal
within ninety days of December 5, 2005, which was the date on which the trial court placed
him on community supervision. See Tex. R. App. P. 26.2(a)(2) (When the defendant timely
files a motion for new trial, he must file a notice of appeal within ninety days after sentence
is imposed or suspended.). Cibrian did not timely appeal the trial court's order placing him
on deferred adjudication community supervision; therefore, he may not raise issues in this
appeal regarding lack of opportunity to withdraw his guilty plea or ineffective assistance of
counsel during the original plea proceeding. See id.; Manuel, 994 S.W.2d at 661-62. 
Accordingly, we overrule Cibrian's issues and affirm the trial court's judgment.

 AFFIRMED.




 

 STEVE McKEITHEN

 Chief Justice




Submitted on February 23, 2009

Opinion Delivered March 4, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.