Memorandum Opinion of February 26, 2009, Withdrawn, Affirmed and
Substitute Memorandum Opinion filed March 31, 2009








Memorandum
Opinion of February 26, 2009, Withdrawn, Affirmed and Substitute Memorandum
Opinion filed March 31, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00870-CR

____________

 

JESUS ARMANDO LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1013423

 



 

S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

This court withdraws its memorandum opinion issued February
26, 2009, and issues this substitute memorandum opinion in its place.  

Appellant Jesus Armando Lopez appeals his conviction for
aggravated assault, claiming the trial court erred in denying his motion for
new trial when the complainant recanted the allegations for the charged
offense.  We affirm the trial court=s judgment.

 








Factual and Procedural Background

Police officers responded to the scene of an assault. 
Appellant=s girlfriend told responding officers that appellant
pushed her, kicked her, threatened to cut her with a piece of broken glass, and
held a shotgun to her head, threatening to shoot her.  Appellant was charged
with aggravated assault.  He pleaded Aguilty@ and accepted the
State=s plea-bargain
offer of a fine and eight years= deferred adjudication community
supervision on July 7, 2005. 

Two years later, the State moved to adjudicate appellant=s guilt, alleging
that appellant had violated terms and conditions of his community supervision.[1] 
Appellant pleaded Atrue@ to the
allegations in the State=s motion to adjudicate in exchange for the
State=s recommendation
of five years= confinement.  The trial court found appellant guilty
of the charged offense.  The trial court revoked appellant=s deferred
adjudication and assessed punishment at five years= confinement.

Appellant filed a motion for new trial and attached a sworn
affidavit from the complainant, appellant=s girlfriend, in
which she retracted the allegations of appellant=s criminal
behavior for the charged offense.  In the affidavit, the complainant stated
that her uncle notified police[2]
and that she told officers that appellant threatened her with a gun.  She
stated that when officers inquired further as to what had happened, she Aimmediately
corrected those false allegations made by [her] uncle@ and indicated
that she Arefused to make any complaint or to cooperate.@  According to her
affidavit, she stated that appellant did not threaten her with a weapon nor did
he assault her.  She believed the Amisunderstanding
had been dropped.@ 








The trial court denied appellant=s motion for new
trial.  On appeal, in a single issue, appellant claims the trial court erred in
denying his motion for new trial based on the complainant=s affidavit
recanting the allegations of the charged offense.

Analysis

Appellant did not appeal the trial court=s decision when
the trial court placed him on deferred adjudication community supervision.  A
defendant who is placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding only in an appeal taken
when the trial court first imposes deferred adjudication community
supervision.  Manuel v. State, 994 S.W.2d 658, 661B62 (Tex. Crim.
App. 1999).  Appellant=s complaint on appeal arises from his
conviction and punishment, not the revocation of his community supervision. 
Appellant was placed on deferred adjudication community supervision on July 7,
2005.  Therefore, appellant had to have effected his appeal within thirty days
of July 7, 2005.  See Tex. R.
App. P. 26.2(a)(1) (providing that when no motion for new trial is
filed, a defendant must appeal within thirty days after a sentence is imposed
or suspended).  Appellant did not timely appeal the trial court=s order placing
him on deferred adjudication community supervision; therefore, he may not raise
an issue in this appeal regarding the evidence from the original plea
proceeding.  See id.; Manuel, 994 S.W.2d at 661B62.  Accordingly,
we overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

/s/      Kem Thompson Frost

Justice

 

Panel
consists of Justices Anderson and Frost and Senior Justice Hudson.*

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  The State alleged that appellant was arrested for
driving while intoxicated.  The State also alleged that appellant consumed
alcohol in violation of the trial court=s
order, failed to complete his community service hours as ordered, failed to
participate in a required educational program as ordered, and failed to pay his
fines and fees as ordered.





[2]  Evidence in the record suggests that the girlfriend=s uncle initially called 9-1-1 to report the charged
offense.





*  Senior Justice J. Harvey Hudson sitting by
assignment.