In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00029-CR


____________________



WILLIE HENRY III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 98575





 

MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Willie Henry III pled no contest to
aggravated assault. The trial court found the evidence sufficient to find Henry guilty, but
deferred further proceedings, placed Henry on community supervision for three years and
assessed a fine of $750. The State subsequently filed a motion to revoke Henry's
unadjudicated community supervision. Henry pled "true" to two violations of the conditions
of his community supervision. The trial court found that Henry violated the conditions of
his community supervision, found Henry guilty of aggravated assault, and assessed
punishment at eighteen years of confinement. Henry then filed this appeal, in which he raises
three issues for our consideration.

 In his first issue, Henry contends trial counsel was ineffective for failing to properly
investigate the case before he pled no contest. In his second issue, Henry contends trial
counsel was ineffective for failing to "fully explain a proposed plea offer." In his third issue,
Henry contends he was denied a fair trial based upon the cumulative effect of trial counsel's
allegedly ineffective assistance. We address these issues together.

 A defendant placed on deferred adjudication community supervision may raise issues
relating to the original plea proceeding only in an appeal taken when the trial court first
imposed deferred adjudication community supervision. Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999). All of Henry's ineffective assistance complaints arise from
his conviction and punishment, not the revocation of his community supervision. Therefore,
Henry had to appeal within thirty days of October 1, 2007, which is the date on which the
trial court placed him on community supervision. See Tex. R. App. P. 26.2(a)(1). Henry did
not timely appeal the trial court's order placing him on deferred adjudication community
supervision; therefore, he may not raise issues in this appeal regarding ineffective assistance
of counsel during the original plea proceeding. See id.; Manuel, 994 S.W.2d at 661-62. 
Accordingly, we overrule Henry's issues and affirm the trial court's judgment.


 AFFIRMED.

 

 STEVE McKEITHEN

 Chief Justice


Submitted on June 29, 2009

Opinion Delivered July 15, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.