# NO. 12-09-00163-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRITTINI DAWN TOWNES,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2 OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brittini Dawn Townes appeals from a trial court order accepting her guilty plea to a misdemeanor theft charge. In her sole issue, she challenges the voluntariness of her guilty plea. We dismiss for want of jurisdiction.

## BACKGROUND

On November 2, 2007, Brittini Dawn Townes was arraigned on the Class B misdemeanor charge of theft of property valued at $50.00 or more but less than $500.00. On the same date, after waiving her right to counsel, she pleaded guilty to that offense. The trial court sentenced her to 180 days in jail, probated for fifteen months, and a $2,000.00 fine, $1,900.00 of which was probated. Appellant did not appeal that conviction. On January 26, 2009, the State filed its "First Amended Application to Revoke Community Supervision." Appellant filed her "Application for Writ of Habeas Corpus" on February 10, 2009, challenging the voluntariness of her guilty plea, and in particular, the waiver of her right to counsel. On April 14, 2009, the trial court held a hearing on the State's and Appellant's applications. The trial court denied Appellant's application for writ of habeas corpus. Appellant appealed the denial of her application for habeas corpus, and we recently affirmed the trial court's decision. *See Ex parte Townes*, No. 12-09-00162-CR, 2010 WL 827612 (Tex. App.—Tyler March 10, 2010, no

pet. h.) (mem. op., not designated for publication). She also filed this direct appeal challenging the voluntariness of her guilty plea in the underlying theft conviction.

## JURISDICTION

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). This includes complaints about the voluntariness of a plea of guilty. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). Although there may be some exceptions to the prohibition against attacking the original conviction upon revocation of deferred adjudication probation, "[a]n 'involuntary plea' does not constitute one of those rare situations." *Id.* Consequently, we lack jurisdiction to address Appellant's sole issue.

## DISPOSITION

The appeal is *dismissed* for want of jurisdiction.

           **JAMES T. WORTHEN**
           Chief Justice

Opinion delivered March 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)