NO. 07-11-0174-CR
NO. 07-11-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2011

_____

ROSANNE BELEN CANTU,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NOS. 2768 & 2777; HONORABLE STUART MESSER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

Rosanne Belen Cantu (appellant) appeals her convictions for aggravated assault with a deadly weapon and evading arrest.  Pursuant to a plea agreement, appellant was placed on deferred adjudication.  Subsequently, the State filed a motion to adjudicate her guilt and appellant pled true to all allegations in the motion.  At the close of the hearing, the trial court adjudicated appellant guilty and sentenced her to sixteen years for aggravated assault and two years for evading arrest.  Appellant's appointed counsel

filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel filed a copy of a letter sent to appellant informing her of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated October 3, 2011, this court notified appellant of her right to file her own brief or response by November 2, 2011, if she wished to do so. To date, no response has been filed.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed two potential areas for appeal. They included the 1) sufficiency of the evidence and 2) effectiveness of trial counsel. However, counsel then proceeded to explain why the issues were without merit.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.[2]

---

[1]*See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]We reviewed the record before us. Though the transcription of the original plea hearing is not part of it, matters arising from that hearing and plea cannot be considered via an appeal from a judgment revoking probation, adjudicating guilt and sentencing. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App.1999). Furthermore, the clerk's record contains the written waivers, stipulations of evidence and admonishments executed or received by the appellant prior to originally pleading guilty in both prosecutions.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[3]


Brian Quinn
Chief Justice


Do not publish.

---

[3]Appellant has the right to file a *pro se* petition for discretionary review from this opinion.