TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00517-CR






Crystal Nell Horton, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT

NO. 2751, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellant Crystal Nell Horton, appearing pro se, pleaded no contest to a charge of
arson, a first degree felony. See Tex. Penal Code Ann. § 28.02 (West 2011). Horton was granted
deferred adjudication, placed on community supervision for ten years, and assessed a $2,500 fine. (1) 
No court reporter's record was made of that proceeding, and no appeal was taken from the trial
court's order within the time limits prescribed by law.

 Approximately eighteen months later, the State moved to adjudicate guilt, alleging
that Horton had violated several terms of her community supervision. Horton pleaded true to two
violations, and after hearing evidence, the trial court found that she had committed five additional
violations. The court sentenced her to twenty years in prison. On appeal, Horton contends for the
first time that the original judgment of deferred adjudication is void because she was indigent at the
time of her plea, she was not represented by counsel, and her written waiver of the right to counsel
was invalid because the trial court failed to inquire about her indigency status and failed to admonish
her regarding the dangers and disadvantages of proceeding pro se. We will affirm.

 The Texas Court of Criminal Appeals has held that "a defendant placed on deferred
adjudication community supervision may raise issues relating to the original plea proceeding, such
as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision
is first imposed." Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The court has,
however, recognized an exception to that limitation in rare circumstances in which the deferred
adjudication judgment is void, including when "an indigent defendant is required to face criminal
trial proceedings without appointed counsel, when such has not been [properly] waived." Nix
v. State, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (citing Gideon v. Wainwright, 372 U.S. 335
(1963)). To establish that a judgment is void, the defect must be apparent on the face of the record:


 [F]or a judgment to be void, the record must leave no question about the existence
of the fundamental defect. If the record is incomplete, and the missing portion could
conceivably show that the defect does not in fact exist, then the judgment is not void,
even though the available portions of the record tend to support the existence of
the defect.


Id. at 668-69.

 In Nix, the defendant had alleged that his original plea had been taken in violation of
his rights to counsel and a jury trial because the trial court (1) failed to inquire as to whether the
defendant had knowingly and intelligently waived his right to counsel, (2) did not admonish him
about the dangers of self-representation, and (3) neglected to appoint an attorney when the defendant
had not effectively waived counsel. Id. at 666-67. The court held, however, that the void-judgment
exception did not apply in that case because there was no record of the plea proceeding. Id. at 669.
The court stated,


 [W]e cannot ascertain the truth of appellant's claims on this record without a
transcription of the plea proceedings. Although the plea papers show appellant
representing himself pro se, a transcript of the plea hearing might have shown that
appellant voluntarily waived counsel and was informed by the trial court of the
dangers of self-representation.


Id. (footnotes omitted).

 Like the defendant in Nix, Horton challenges the validity of her waiver of the right
to counsel, but because there is no transcription of the plea proceeding, error is not apparent on the
face of the record before this Court. In accordance with Nix, we therefore overrule Horton's sole
appellate issue. The trial court's judgment is affirmed.


 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: December 13, 2012

Do Not Publish
1. Prior to sentencing, appellant executed a "Waiver of Right to Counsel," which stated:


 I have been advised on this 6 day of May, 2009, by the 35th District Court of Mills
County, Texas of my right to representation by counsel in the trial of the charge
pending against me. I have been further advised that if I am unable to afford counsel,
one will be appointed for me free of charge. Understanding my right to have counsel
appointed for me free of charge if I am not financially able to employ counsel, I wish
to waive that right and request the court to proceed with my case without an attorney
being appointed for me. I hereby waive my right to counsel.


See Tex. Code Crim. Proc. Ann. art. 1.051(g) (West 2005) (prescribing form of written waiver of
right to counsel).