

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00026-CR

| | | |
|---|---|---|
| Elizabeth Susan Gajdica | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (1183983D) |
| v. | § | March 14, 2013 |
| | § | Opinion by Justice Dauphinot |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


By_____
Justice Lee Ann Dauphinot



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00026-CR

---

ELIZABETH SUSAN GAJDICA                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, Appellant Elizabeth Susan Gajdica challenges her adjudication and sentence for the state jail felony of possession of a controlled substance of less than one gram. Because we hold that the trial court did not reversibly err, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

On January 7, 2010, Appellant was charged by indictment with possession of methamphetamine—less than one gram. At trial, she signed written plea admonishments which stated that she was charged with the felony offense of possession of a controlled substance under one gram. On the form, in the punishment admonition section, a box was checked indicating that the state jail felony punishment would be reduced to the punishment provided for a Class A misdemeanor under penal code section 12.44(a).[2] In the plea recommendation portion of the admonishments, someone has written "12.44 a 75 days Tarrant County Jail." These words have been marked over, and in the line beneath them is written "$300 + 3 DFAJ + conditions court impos (PLBR #1158359)[.]" The trial court placed Appellant on deferred adjudication community supervision for three years. No appeal was taken from this judgment.

On October 19, 2011, Appellant was arrested for driving while intoxicated (DWI). At that time, she refused to submit to a blood test. In November 2011, the State filed a petition to proceed to adjudication. The State alleged that Appellant had violated the conditions of her community supervision by committing the new offense of DWI and by refusing to submit to a blood test as requested by a police officer. At the hearing on the State's petition, Appellant pled true to the allegations. After hearing testimony from the officer who arrested her on October 19 and from Appellant, the trial court found that Appellant had

---

[2]Tex. Penal Code Ann. § 12.44(a) (West 2011).

3

violated the conditions of her community supervision, adjudicated her guilty, and sentenced her to two years' confinement in state jail.

Appellant brings a single issue on appeal, arguing that the trial court failed to substantially comply with the requirements of article 26.13 of the code of criminal procedure.  As a result, Appellant argues, she received a term of community supervision greater than the range on which she was admonished, the admonishment did not substantially comply with the admonished offense, and her conviction and sentence are greater than allowed under section 12.44(a).

The State responds only that the issue is multifarious and should not be considered and contends, summarily, that the trial court's sentence was entirely legal.  Yet rule 38.1(f) of the rules of appellate procedure provides, "The brief must state concisely all issues or points presented for review.  The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."[3]  In addition to the mandate of 38.1, a multifarious issue should be addressed by the appellate court if it is sufficiently developed in the brief.[4]  We shall address Appellant's issue.

To the extent that Appellant challenges the validity of her guilty plea and the period of community supervision she was placed on, she has waited too late.

---

[3]Tex. R. App. P. 38.1(f).

[4]*See Smith v. State*, 316 S.W.3d 688, 694 (Tex. App.—Fort Worth 2010, pet. ref'd).

4

Such complaints, to the extent they could have survived her waiver of appeal signed before she was placed on deferred adjudication community supervision, should have been made in an appeal from the judgment placing her on deferred adjudication community supervision.[5]  Further, Appellant raises no contention that would trigger the void judgment exception, erase this deadline, and thereby allow her to bring those complaints now.[6]  We therefore confine our analysis to Appellant's contentions that the alleged article 26.13 error taints her sentence.

It is apparent from examining the plea forms that the State originally offered to reduce the punishment to seventy-five days' confinement in the county jail under section 12.44(a) in exchange for Appellant's guilty plea.  The strikethrough of that offer suggests that the parties entered into a later, different agreement whereby Appellant would be placed on three years' deferred adjudication community supervision in exchange for her guilty plea, and in addition the State agreed to a plea in bar of prosecution of a second case with which Appellant was charged.  The trial court followed that plea bargain agreement and placed Appellant on three years' deferred adjudication community supervision.  Appellant did not appeal from that judgment.

The State subsequently filed its motion to proceed to adjudication.  We presume for purposes of analysis that Appellant is correct that the admonition

---

[5]*See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

[6]See *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

contained on the forms is inaccurate; that is, because we cannot know with certainty when the section 12.44(a) offer was struck through, we presume that Appellant accepted the revised offer that eliminated not only the section 12.44(a) benefit but also the condition of jail time. The error is that the warnings as to the range of punishment were not revised to reflect the new offer.[7]

Appellant does not complain of a constitutional violation. She complains only of a statutory violation. Because Appellant raises no constitutional issue, we must determine whether the erroneous admonition of the range of punishment affected her substantial rights.[8] Although Appellant is correct that the sentence imposed was beyond the range of punishment upon which she was admonished, it is consistent with the plea bargain agreement that she made with the State. In the record before us, we have an improper admonition of the range of punishment, a plea bargain agreement with a term of community supervision outside the range of the admonition, pleas of true at the revocation hearing, and a sentence of two years, which is the maximum confinement for a state jail felony but beyond the maximum confinement for the Class A misdemeanor punishment upon which Appellant was admonished before being placed on deferred

---

[7]*See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (West Supp. 2012).

[8]*See* Tex. R. App. P. 44.2(b).

6

adjudication community supervision.[9]  The record does not show any complaint in the trial court that the sentence imposed exceeded the sentence upon which Appellant was admonished, nor does the record show any complaint to the trial court that her pleas of true were involuntary.

Based on the record before us, we cannot conclude that Appellant's substantial rights were negatively affected by the erroneous admonishment.  We, therefore, overrule Appellant's sole issue and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 7, 2013

---

[9]*See* Tex. Penal Code Ann. §§ 12.21(2), 12.44(a) (West 2011), § 12.35(a) (West Supp. 2012).