02-12-026-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00026-CR

 

 


 
 
 Elizabeth
 Susan Gajdica
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 1
  
 of
 Tarrant County (1183983D)
  
 March
 14, 2013
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00026-CR

 

 


 
 
 Elizabeth Susan Gajdica
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

In
one issue, Appellant Elizabeth Susan Gajdica challenges her adjudication and
sentence for the state jail felony of possession of a controlled substance of
less than one gram.  Because we hold that the trial court did not reversibly
err, we affirm the trial court’s judgment.

On
January 7, 2010, Appellant was charged by indictment with possession of methamphetamine—less
than one gram.  At trial, she signed written plea admonishments which stated
that she was charged with the felony offense of possession of a controlled
substance under one gram.  On the form, in the punishment admonition section, a
box was checked indicating that the state jail felony punishment would be
reduced to the punishment provided for a Class A misdemeanor under penal code
section 12.44(a).[2]  In
the plea recommendation portion of the admonishments, someone has written “12.44
a 75 days Tarrant County Jail.”  These words have been marked over, and in the
line beneath them is written “$300 + 3 DFAJ + conditions court impos (PLBR
#1158359)[.]”  The trial court placed Appellant on deferred adjudication
community supervision for three years.  No appeal was taken from this judgment.

On October
19, 2011, Appellant was arrested for driving while intoxicated (DWI).  At that
time, she refused to submit to a blood test.  In November 2011, the State filed
a petition to proceed to adjudication.  The State alleged that Appellant had
violated the conditions of her community supervision by committing the new
offense of DWI and by refusing to submit to a blood test as requested by a
police officer.  At the hearing on the State’s petition, Appellant pled true to
the allegations.  After hearing testimony from the officer who arrested her on
October 19 and from Appellant, the trial court found that Appellant had
violated the conditions of her community supervision, adjudicated her guilty,
and sentenced her to two years’ confinement in state jail.

Appellant
brings a single issue on appeal, arguing that the trial court failed to
substantially comply with the requirements of article 26.13 of the code of criminal
procedure.  As a result, Appellant argues, she received a term of community
supervision greater than the range on which she was admonished, the
admonishment did not substantially comply with the admonished offense, and her
conviction and sentence are greater than allowed under section 12.44(a).

The
State responds only that the issue is multifarious and should not be considered
and contends, summarily, that the trial court’s sentence was entirely legal.  Yet
rule 38.1(f) of the rules of appellate procedure provides, “The brief must
state concisely all issues or points presented for review.  The statement of an
issue or point will be treated as covering every subsidiary question that is
fairly included.”[3]  In
addition to the mandate of 38.1, a multifarious issue should be addressed by
the appellate court if it is sufficiently developed in the brief.[4]  We
shall address Appellant’s issue.

To
the extent that Appellant challenges the validity of her guilty plea and the
period of community supervision she was placed on, she has waited too late. 
Such complaints, to the extent they could have survived her waiver of appeal
signed before she was placed on deferred adjudication community supervision,
should have been made in an appeal from the judgment placing her on deferred
adjudication community supervision.[5]  Further,
Appellant raises no contention that would trigger the void judgment exception,
erase this deadline, and thereby allow her to bring those complaints now.[6]  We
therefore confine our analysis to Appellant’s contentions that the alleged
article 26.13 error taints her sentence.

It
is apparent from examining the plea forms that the State originally offered to
reduce the punishment to seventy-five days’ confinement in the county jail
under section 12.44(a) in exchange for Appellant’s guilty plea.  The
strikethrough of that offer suggests that the parties entered into a later, different
agreement whereby Appellant would be placed on three years’ deferred
adjudication community supervision in exchange for her guilty plea, and in
addition the State agreed to a plea in bar of prosecution of a second case with
which Appellant was charged.  The trial court followed that plea bargain
agreement and placed Appellant on three years’ deferred adjudication community
supervision.  Appellant did not appeal from that judgment.

The
State subsequently filed its motion to proceed to adjudication.  We presume for
purposes of analysis that Appellant is correct that the admonition contained on
the forms is inaccurate; that is, because we cannot know with certainty when the
section 12.44(a) offer was struck through, we presume that Appellant accepted the
revised offer that eliminated not only the section 12.44(a) benefit but also
the condition of jail time.  The error is that the warnings as to the range of
punishment were not revised to reflect the new offer.[7]

Appellant
does not complain of a constitutional violation.  She complains only of a
statutory violation.  Because Appellant raises no constitutional issue, we must
determine whether the erroneous admonition of the range of punishment affected
her substantial rights.[8]  Although
Appellant is correct that the sentence imposed was beyond the range of
punishment upon which she was admonished, it is consistent with the plea
bargain agreement that she made with the State.  In the record before us, we
have an improper admonition of the range of punishment, a plea bargain
agreement with a term of community supervision outside the range of the
admonition, pleas of true at the revocation hearing, and a sentence of two
years, which is the maximum confinement for a state jail felony but beyond the
maximum confinement for the Class A misdemeanor punishment upon which Appellant
was admonished before being placed on deferred adjudication community
supervision.[9]  The
record does not show any complaint in the trial court that the sentence imposed
exceeded the sentence upon which Appellant was admonished, nor does the record
show any complaint to the trial court that her pleas of true were involuntary.

Based
on the record before us, we cannot conclude that Appellant’s substantial rights
were negatively affected by the erroneous admonishment.  We, therefore,
overrule Appellant’s sole issue and affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 7, 2013









[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. §
12.44(a) (West 2011).





[3]Tex. R. App. P. 38.1(f).





[4]See Smith v. State,
316 S.W.3d 688, 694 (Tex. App.—Fort Worth 2010, pet. ref’d).





[5]See Manuel v. State,
994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).





[6]See Nix v.
State,
65 S.W.3d 664, 667 (Tex. Crim. App. 2001).





[7]See Tex. Code Crim.
Proc. Ann. art. 26.13(a)(1) (West Supp. 2012).





[8]See Tex. R. App. P.
44.2(b).





[9]See Tex. Penal Code
Ann. §§ 12.21(2), 12.44(a) (West 2011), § 12.35(a) (West Supp. 2012).