**DISMISS; Opinion Filed February 3, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00280-CR

### MICHAEL BLOOM, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-R-0019-D**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

This appeal follows the revocation of Michael Bloom's deferred adjudication and his conviction for speeding in a school zone. Bloom brings four points of error challenging the trial court's judgment. Because we conclude Bloom's appeal is untimely, we dismiss the appeal for want of jurisdiction.

### FACTUAL BACKGROUND

On January 12, 2010, Michael Bloom was stopped by a Richardson, Texas police officer and given a citation for driving at an excessive rate of speed in a school zone. Bloom hired an attorney, Tim Nunn, to represent him in the matter. On February 18, Nunn appeared at a pretrial hearing on Bloom's behalf and entered a plea of "no contest." Nunn also requested that Bloom be given deferred adjudication probation. On March 4, Nunn sent Bloom a letter

informing him that he was required to pay a fee of $225 to the City of Richardson and that he had been given probation. Nunn further informed Bloom that if he did not receive any other traffic citations in the State of Texas during the probationary period, his original citation would not be reported on his driving record.

Shortly after receiving the letter, Bloom filed a "Motion to Set Aside Court Accepted Inculpating Plea and Plea Dependent Court Orders" as well as a motion to quash the complaint. Bloom appeared before the trial court on March 30 and personally signed a plea agreement under which he pleaded no contest to the charge and was given deferred adjudication probation for a period of ninety days.[1] The conditions of the deferred adjudication included the requirement that he not be arrested or issued a citation for "any moving traffic violation in the State of Texas" during the deferral period. The agreement further required Bloom to file a signed statement of compliance with the conditions of his deferred adjudication probation within fifteen days after the end of the deferral period. Although Bloom pleaded no contest to the charge against him, he struck through the language in the agreement stating that he waived the right to a trial by jury.

Bloom's deferral period ended on June 28, 2010. On July 8, Bloom filed a verified statement of compliance in which he stated that he had complied with all "reasonable" probationary conditions. Bloom admitted that he received a traffic citation during the deferral period, but argued that the condition prohibiting him from receiving a traffic citation was not reasonable. Bloom then requested that the charge against him for speeding in a school zone be dismissed based on his compliance with the "reasonable" probationary conditions. The next day, Bloom filed a motion for new trial contending the evidence showed he was innocent of the original charge and that he had not effectively waived his right to a jury trial.

---

[1] The record does not reflect that the trial court signed any orders on the pending motions.

The trial court held a probable cause hearing on August 3. At the conclusion of the hearing, the court rendered a judgment of guilt on the original charge and denied Bloom's motion for new trial. Bloom filed an appeal with the Dallas County Court of Criminal Appeals which concluded it had no jurisdiction to hear his appeal. Bloom then appealed to this Court.

ANALYSIS

In four points of error, Bloom raises a variety of issues challenging the trial court's judgment. These issues are essentially (1) whether his "no contest" plea was voluntary, (2) whether he waived his right to a jury trial, (3) whether the evidence is sufficient to support his conviction, and (4) whether the condition of his probation prohibiting him from receiving another traffic citation was reasonable. All of these issues relate to the original plea proceeding. A defendant placed on deferred adjudication probation may raise issues relating to the original plea proceeding only in an appeal taken when the deferred adjudication probation is first imposed and not later after guilt is adjudicated. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).[2] There are two exceptions to this rule: the habeas corpus exception and the void judgment exception. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Because Bloom did not file a petition for writ of habeas corpus, the habeas corpus exception does not apply here.

A judgment for conviction of a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and thus the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct

---

[2] Bloom argues that the rule announced in *Manuel* does not apply to this case because *Manuel* references deferred adjudication community supervision rather than deferred adjudication probation. *See id.* The Texas Legislature adopted the term "community supervision" for "probation" in 1993 and the two terms are used interchangeably. *See Bawcom v. State*, 84 S.W.3d 821, 822 n. 2 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. *Id.* at 668. Thus, a judgment is void only in very rare situations. *Id.* Although Bloom phrases several of his issues as challenges to the trial court's subject matter jurisdiction, none of the errors he asserts pertain to the trial court's jurisdiction over the offense charged.

Bloom also argues there is no evidence to support his conviction. For the judgment to be void, however, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence. *Id.* at 668 n. 14. A guilty plea constitutes some evidence for this purpose. *Id.* A plea of "no contest" has the same legal effect as a plea of guilty in a criminal case. See TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). Bloom's plea of "no contest," therefore, constitutes some evidence in support of his conviction and the judgment is not void for lack of evidence.

Because Bloom's issues all relate to the original plea proceeding, and he has not shown that the void judgment exception applies to his case, Bloom's appeal filed more than three months after he was placed on deferred adjudication is untimely.

We dismiss the appeal for want of jurisdiction.


/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130280F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL BLOOM, Appellant

No. 05-13-00280-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC-R-0019-D.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers
participating.

      Based on the Court's opinion of this date, we **DISMISS THE APPEAL FOR WANT OF JURISDICTION**.

Judgment entered this 3rd day of February, 2014.

/David Evans/
DAVID EVANS
JUSTICE