**Opinion filed September 24, 2015**



# In The

# Eleventh Court of Appeals

_____

## No. 11-13-00130-CR

_____

## TORY LEVON KIRK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 5
### Dallas County, Texas
### Trial Court Cause No. F-0962440-L

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

Tory Levon Kirk appeals the revocation of his deferred adjudication community supervision for the offense of aggravated robbery with a deadly weapon. In one issue on appeal, Appellant asserts that the evidence was legally insufficient to support his conviction. We affirm the judgment of the trial court.

### Background Facts

Appellant entered an open plea of guilty in 2010 to the offense of aggravated robbery with a deadly weapon. TEX. PENAL CODE ANN. § 29.03 (West 2011).

Appellant also signed a judicial confession, which the trial court admitted into evidence at the time Appellant entered his original plea of guilty. At that time, the trial court accepted Appellant's plea, deferred an adjudication of guilt, and placed him on deferred adjudication community supervision for eight years.

Over two years later, the State filed a motion to revoke Appellant's community supervision and proceed with an adjudication of guilt. The State alleged nine different violations of the terms and conditions of Appellant's community supervision. The trial court found that the State had proven all of the allegations and adjudicated Appellant guilty of aggravated robbery with a deadly weapon. The trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years.

*Analysis*

In a single issue on appeal, Appellant argues that the evidence was legally insufficient to support his conviction. Appellant contends that the State did not offer any evidence to establish that he used a deadly weapon during the commission of a robbery. He contends that his purported use of a BB gun does not constitute the use of a deadly weapon. Thus, he asserts that the State failed to prove both a robbery and an aggravating factor.

A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when the deferred adjudication community supervision is first imposed and not later after guilt is adjudicated. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). There are two exceptions to this rule: the habeas corpus exception and the void judgment exception. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). Because Appellant did not file a petition for writ of habeas corpus, the habeas corpus exception does not apply here.

2

A judgment for conviction of a crime is void when (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, and thus the trial court has no jurisdiction over the defendant; (2) the trial court lacks subject-matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law; (3) the record reflects that there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived. *Id.* at 668. Thus, a judgment is void only in very rare situations. *Id.* The error that Appellant presents on appeal does not pertain to the trial court's jurisdiction of the offense charged.

Appellant argues that there is no evidence to support his conviction because a BB gun is not a firearm. For the judgment to be void, however, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence. *Id.* at 668 n.14. A guilty plea constitutes some evidence for this purpose. *Id.* Here, Appellant's plea of "guilty" and his signed judicial confession constitute some evidence in support of his conviction, and the judgment is not void for lack of evidence.

Because Appellant's sole issue relates to the original plea proceeding and because he has not shown that either the habeas corpus exception or the void judgment exception applies to his case, Appellant's issue, as presented in this appeal filed more than two years after the trial court placed him on deferred adjudication, was not timely presented. *See Celestine v. State*, No. 05-12-01677-CR, 2014 WL 1022423 (Tex. App.—Dallas Feb. 24, 2014, no pet.) (not designated for publication); *Bloom v. State*, No. 05-13-00280-CR, 2014 WL 429291 (Tex. App.—Dallas Feb. 3, 2014, no pet.) (mem. op., not designated for publication). We dismiss Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


September 24, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.