

# NUMBER 13-22-00006-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SOMER RACHELLE NESLONEY,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 36th District Court
### of Aransas County, Texas.

# SUPPLEMENTAL ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

By order issued on April 27, 2022, this Court abated this matter and remanded it to the trial court. We had previously notified appellant's counsel that it appeared that the record might fail to contain an appealable order and requested correction of the defect, if any, but appellant's counsel failed to respond. We directed the trial court to use whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desired to prosecute this appeal; (2) why appellant's

counsel failed to file a response regarding the defect in the notice of appeal and whether counsel had effectively abandoned the appeal; (3) whether appellant had been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant was indigent and entitled to court-appointed counsel. We directed the trial court to cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be filed in a supplemental clerk's record, and directed the trial court to cause a supplemental reporter's record of any proceedings to be prepared.

We have now received the trial court's findings and conclusions, which appear to have been made without notice or hearing. The trial court concluded, simply, that appellant did not have the right to appeal and its certification of the right to appeal was incorrect. The trial court's order did not reference any applicable law or statute in its findings and conclusions and did not address the matters that we identified in our order.

Additionally, upon review of the trial court's findings and conclusions, we have determined the trial court's certification of appellant's right of appeal may be incorrect or otherwise defective. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c); 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614.

Accordingly, we continue the abatement of this matter. We direct the trial court to provide notice and hold a hearing regarding *each* of the aforementioned matters and shall issue findings and conclusions clearly identifying: (1) whether appellant desired to prosecute this appeal; (2) why appellant's counsel failed to file a response regarding the

defect in the notice of appeal and whether counsel had effectively abandoned the appeal; (3) whether appellant had been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; (5) whether appellant was indigent and entitled to court-appointed counsel; (6) whether the trial court's certification of appealability is correct; and (7) whether the appellant has the right of appeal. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

The trial court's findings and conclusions, amended certification, if any, and any orders it enters shall be included in a supplemental clerk's record. A supplemental clerk's record and a supplemental reporter's record regarding these proceedings on remand shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of July, 2022.